IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL A. POHL, D.D.S. an individual,

    Plaintiff,                                                                     Case No.: 4:17-cv-00181

v.

MH SUB I, LLC d/b/a/ OFFICITE an Illinois
Limited Liability Company

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE [D.E. 87]**

Defendant, MH SUB I, LLC d/b/a OFFICITE, responds as follows to Plaintiff, Mitchell A. Pohl, D.D.S.'s Motion in Limine [ECF No. 87] and states:

**1.   WayBack Machine Evidence**

*a)   Nature of the Evidence and Why Plaintiff Seeks to Exclude It*

The genesis of this case is Plaintiff's contention that in 2016 he performed a reverse image search on Google, using his patient's before-and-after photographs as the search source. The search allegedly returned multiple dentists' websites that displayed his patient's before-and-after photographs. According to Plaintiff, all of these websites were developed, hosted, and maintained by Officite.

As the Court is aware, Officite believes that Plaintiff's photos are devoid of creativity or originality and are therefore not protected by copyright. However, even if they are protected by copyright, Officite categorically denies that they ever appeared on any websites Officite developed or hosted for any dentists, including those at issue in this case. There are many reasons why

1

Officite is able to affirmatively and positively conclude that these photos never appeared on any website it developed or hosted.

First, Officite has never used before/after photographs in the design of any dentist's website. And even if it had, Officite could never present the same before/after photos as the work of multiple dentists. And Officite "never ever provided any galleries, their imagery for smiling teeth." *See* Deposition of Ian de Peralta dated August 19, 2019, attached hereto as **Exhibit A**, at 46:2-14; 46:22-47:9; 48:21-49:16.

Second, the URL's, or website address, associated with the printouts presented by Plaintiff affirmatively prove that they are Officite's standard, non-customized dentist websites, on which before and after photos were never used. *Id*.

Importantly, the WayBack Machine, a website operated by an objective, third-party operator called Internet Archives, *affirmatively shows that none of Plaintiff's photographs ever appeared on these dentists' websites*. Officite has identified and produced to Plaintiff 16 printouts from the WayBack Machine demonstrating that his before/after photos never appeared on these dentists' websites. Copies of the WayBack Machine printouts are attached hereto as **Composite Exhibit B**.

Plaintiff did not, before the close of discovery, raise any argument challenging the reliability of evidence from the WayBack Machine. Faced with stark evidence refuting his case, Plaintiff is now desperately attempting, at the eleventh hour, to exclude the WayBack Machine printouts from the jury's consideration in this case. For the reasons set forth below, the Court should deny Plaintiff's Motion and permit the jury to consider all of the evidence in this case.

b) *Judicial notice under Fed. R. of Evid. 201*

The Federal Rules of Evidence permit a court to take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Internet Archive, a corporation, offers a service called The Wayback Machine. *State Nat. Ins. Co., Inc. v. Highland Holdings, Inc.*, 2015 WL 3466215, at *1 (M.D. Fla. June 1, 2015). Internet Archive preserves Internet website publications at a specific date and time through a service identified as the Wayback Machine. *Id*. The Wayback Machine compiles archived data using software programs known as crawlers, which surf the Web and automatically store copies of web files, preserving these files as they exist at the point of time of capture. *Id*. The Wayback Machine keeps track of the specific date and time that the website publication was captured and records the date and time in a uniform resource locater (URL). *Id*. The assigned URL appears as follows: http://web.archive.org/web/[Year in yyyy] [Month in mm] [Day in dd] [Time code in hh:mm:ss]/[Archived URL]. *Id*. The numeric string concluding the URL, http://web.archive.org/web/20100707060928, confirms the Wayback Machine's recording of the website publication bearing that identifier, during the twenty-eighth second of the ninth minute of the sixth hour of July 7th in the year 2010. *Id.; see Lorentz v. Sunshine Health Products, Inc.*, Case No. 09-61529-CIV, 2010 WL 3733986, n. 4 (S.D. Fla. Aug. 27, 2010) ("The Internet Archive has created a service known as the "Wayback Machine" that permits a person to surf more than 150 billion pages stored in the Internet Archive's web archive. A visitor to the Wayback Machine can type in a website address, select a date range, then surf on an archived version of the Web.).

"Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned[.]" *Erickson v. Nebraska Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015); *see Juniper Networks, Inc. v. Shipley*, 394 Fed. Appx. 713, at *1 (Fed. Cir. 2010) ("it is not uncommon for courts to take judicial notice of factual information found on Internet websites"); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) ("As a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice"); *Martins v. 3PD, Inc.*, No. 11-cv-11313, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) (taking judicial notice of "the various historical versions of a website available on the Internet Archive at Archive.org as facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"); *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-1144, 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) ("[T]he federal courts have recognized that Internet archive services, although representing a relatively new source of information, have sufficient indicia of reliability to support introduction of their contents into evidence, subject to challenge at trial for authenticity."); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, n.2 (C.D. Cal. 2017) (taking judicial notice of archived webpages on WayBack Machine because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 2013 WL 6869410, at *4 n.65 (S.D.N.Y. Dec. 30, 2013); *Distributorsoutlet.com, LLC v. Glasstree, Inc.*, Case No. 11-CV-6079, 2016 WL 3248310, *2 (E.D.N.Y. 2016) (taking judicial notice of WayBack Machine and listing cases that have done same).

Notwithstanding the cases relied upon by Plaintiff, Florida District Courts have also taken judicial notice of webpages archived on the Wayback Machine. For instance, in *Lee v. Michel*

*Habashy, MD, PA*, Case No. 6:09-cv-671-Orl-28GJK, 2010 WL 11626756, *2 (M.D. Fla., Aug. 30, 2010), the court held:

> The Federal Rules of Evidence permit a court to take judicial notice of facts that are "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In this instance, the Court takes judicial notice that Defendant's phone number is listed on http://www.whitepages.com/as352-259-9970.

*Id*. (performing "cursory search of the Wayback Machine).

Similarly, in *Edward Lewis Tobinick, MD, et. al*. *v. M.D. Steven Novella*, Case No. 9:14-CV-80781 (S.D. Fla., Apr. 2, 2015) (Rosenberg, J.) (*See* Order, ECF No. 172 at 4), the court held:

> In response to the instant litigation, Dr. Novella created a legal defense fund. The webpage for the fund appears on the SGU website and is entitled "Science Based Medicine / SGU Legal Defense Support." Ex. 47. The page contains a hyperlink to the first article published by Dr. Novella. *Id.* No evidence was introduced as to the date the page was created, but the Court takes judicial notice of the Internet Archive's history of the page, available at http://web.archive.org/web/20140201000000*/http://www.theskepticsguide.org/legaldefense, which indicates that the page was created on July 31, 2014, after both articles were published. Both the fund and the lawsuit are mentioned by Dr. Novella in one of the SGU podcasts.[1]

Plaintiff relies upon two Florida district court cases that were asked to, but did not, take judicial notice of the Wayback Machine. Neither of those cases are from this District and neither cite to controlling Eleventh Circuit precedent. Both, however, are distinguishable.

---

[1] While Judge Rosenberg took judicial notice of the date the page was created and not its contents, the distinction is illusory— like courts that have considered the Wayback Machine to be a *source* whose accuracy cannot be questioned, she took judicial notice of it. Thus, if the Wayback Machine is considered accurate for the date a webpage was published, it should be considered accurate for what appeared on the webpage on that date.

5

In *Nasser v. Nasser*, the court declined to take judicial notice, but that was because, in part, "Plaintiff otherwise has made no showing that the accuracy of the Internet archive cannot reasonably be questioned." 2017 WL 26859, at *5.

In *Setai Hotel Acquisition LLC v. Miami Beach Luxury Rentals, Inc*., the court specifically noted that "[a] review of caselaw across several district courts in several circuits reveals that this issue is far from settled." 2017 WL 3503371, at *8. And similar to *Nasser*, there was no additional evidence supporting the accuracy of the Wayback Machine evidence. Here, as set forth below, Defendant *has* provided additional evidence of the accuracy and reliability of the Wayback Machine.

In short, Plaintiff has "simply caused additional judicial work by contesting a factual issue that, according to information readily available in the public domain, cannot be reasonably disputed." *See Turbyfill v. Scottsdale Indemnity Co*., Case No. 3:14cv283-RV/EMT, 2016 WL 741657, *2 (N.D. Fla., Feb. 24, 2016) (Vinson, J.) (citation omitted). The WayBack Machine is widely considered a source whose accuracy cannot be reasonably questioned and the Court should take judicial notice of it under Rule 201.

c. *Additional Evidence of Reliability and Rule 901*

As stated above, the Court should take judicial notice of Officite's WayBack Machine evidence. In addition to the generally accepted reliability of webpages archived on that site, Officite has adduced further evidence supporting its accuracy.

Mr. Ian de Peralta has been a front-end web developer building websites for Officite for 10 years. Peralta Dep., Ex. A, at 6:18-7:9. He testified that he has used the WayBack Machine "almost every day" since 2009. *Id*. at 55:7-14, 55:25-56:1. Clients will often instruct him to design their websites to appear as they did at some time in the past, and he uses the WayBack Machine to

6

see these archived sites. *Id*. at 55:15-22. Mr. de Peralta has used the WayBack Machine "thousands of times" and he is "familiar with the way WayBack Machine works." *Id*. at 56:2-7.

Mr. de Peralta further testified:

Q. Have you ever found a Wayback Machine to be incorrect or unreliable?

A. No, I haven't.

….

Q. [H]ave you ever found anybody that's ever told you that they have found an error or incorrect information from a Wayback Machine?

A. No, no one's ever told me or I've never witnessed Wayback being in error or an issue.

….

Q. So if somebody to -- for whom you're designing a web page or website for may come to you and say, listen, I know I had a photograph on my website ten years ago?

….

Q. And then you will go into the Wayback Machine and then look for that website, --

A. (Nodding head.)

Q. -- and if it was crawled or obtained then at that point in time, then you would see it there?

A. Yes, that is correct.

Q. And how many times has that happened?

A. A lot.

Q. And have you found that to be accurate?

A. Yes.

Q. Have you found the information provided to you by the client, that they had a photograph or something else on their website five, ten years ago, to be

7

      corroborated by what you've actually seen when you've gone on the Wayback Machine?

      A.    Yes.

*Id.* at 56:2-58:8.

      The Court should take judicial notice of Officite's WayBack Machine evidence because many other courts, including district courts in Florida, consider this third-party website an objectively reliable and accurate source of information. But even if the Court required additional evidence supporting the reliability of the WayBack Machine, which evidence was lacking in the cases, above, cited by Plaintiff, Mr. de Peralta's testimony provides just that.

      Moreover, at least two district courts in Florida have considered nearly identical affidavits from Christopher Butler, a representative of Internet Archive, which further shows that the WayBack Machine is a source whose accuracy cannot be reasonably questioned. *See Highland Holdings, supra; Lorentz, supra*. Copies of these affidavits are attached hereto as Composite **Exhibit C**.[2]

      This evidence is also admissible under Fed. R. of Evid. 901(a), which states, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Examples of evidence that is sufficient to satisfy this requirement include "testimony that an item is what it is claimed to be" and "evidence describing a process or system and showing that it produces an accurate result." *See* Rule 901(b)(1) and (9). As set forth above, Mr. de Peralta provided testimony concerning the reliability and accuracy of the WayBack Machine and the "process or system" by

---

[2] Had Plaintiff raised an objection to this WayBack Machine evidence before the close of discovery, Officite would have elected to obtain an identical affidavit from Butler. Based on the well-accepted reliability of this objective, third party website, and the fact that courts routinely take judicial notice of it, Officite did not believe this was necessary.

which it archives websites. Alone and/or in conjunction with the Butler affidavits, the WayBack Machine evidence should also be admitted under Rule 901(a).

**2. Ian de Peralta**

Plaintiff's Motion to Exclude Mr. de Peralta is, for several reasons, without merit. First and foremost, Plaintiff is the "pot that called the kettle black." Specifically, Plaintiff complains that Mr. de Peralta was disclosed after the discovery deadline "long since passed." Yet Plaintiff, himself, identified his longtime friend, Larry Bergus, as a witness **on June 6, 2019**, shortly before Officite specifically identified Mr. de Peralta, but also long after the close of discovery in this case. *See* Second Amended Initial Disclosures (undated, but served on June 6, 2019), attached hereto as **Exhibit D.** At no time during the two-year period since the case was filed did Plaintiff ever identify Bergus, his friend and former dental patient and someone he emails every week to discuss stock trading and share jokes, as a witness in this case and to his cosmetic dentistry.

Although Plaintiff's disclosure of Bergus was a year and eight months after the discovery deadline, Officite, rather than moving to strike him, sought his immediate deposition on July 22, 2019. Plaintiff requested that the Bergus deposition be delayed, and it was finally taken on August 14, 2019, the very day that Plaintiff filed this hypocritical Motion in Limine seeking to preclude Mr. de Peralta. In short, Plaintiff cannot, on the one hand, present Bergus in Second Supplemental Disclosures a year and eight months after the close of discovery while, on the other hand, moving to strike Mr. de Peralta disclosed shortly thereafter.

Second, in determining whether to strike a witness, the court should consider, among other things, the importance of the testimony and the prejudice to the opposing party in allowing the witness to testify. *Miller-Goodwin v. City of Panama City Beach*, Case No. 5:08-cv-228/RS/EMT, 2009 WL 10697302, *1 (N.D. Fla., Mar. 20, 2009) (citing *Cooley v. Great Southern Wood*

9

*Preserving*, 138 Fed. App'x. 149, 161 (11th Cir. 2005) (citing *Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004)).

Mr. de Peralta is an Officite web designer knowledgeable concerning the methods and processes utilized by Officite in building and maintaining dentist websites. He is also personally knowledgeable that Plaintiff's before/after photos never appeared on any of the subject dentist websites. He testified in detail at his deposition concerning the many reasons why Plaintiff's photos were never used on any website designed by Officite. *See* citations to his testimony, *supra*. He is an important witness with critical knowledge concerning facts at issue in this case.[3]

Moreover, upon Officite's disclosure of Mr. de Peralta, it immediately provided his availability for deposition, and **Plaintiff deposed Mr. de Peralta on August 19, 2019**. His deposition transcript has been transcribed and made available to Plaintiff well before the new deadline for submitting the pretrial paperwork. The Court recently rescheduled the trial from September to October 2019, providing Plaintiff with even more time to evaluate Mr. de Peralta's testimony. *See* D.E. 97. Therefore, Plaintiff cannot establish that he will be prejudiced in any manner by the appearance of Mr. de Peralta at trial. Indeed, Plaintiff's Motion in Limine **does not present any argument of prejudice**.

Finally, although Mr. de Peralta was not specifically identified, Defendant's Initial Disclosures filed on June 26, 2017 [D.E. 13] lists its "Corporate Representative." Plaintiff cannot now claim surprise or prejudice as a result of Defendant specifically identifying de Peralta as its corporate representative.

---

[3] Like Bergus, who was disclosed by Plaintiff shortly before, de Peralta was not specifically identified earlier, in part, because summary judgment was entered against Plaintiff and the case was then on appeal. In any event, as discussed below, Officite did timely identify a corporate representative to testify at trial and Mr. de Peralta was identified based on his personal knowledge.

For all of the foregoing reasons, Plaintiff's Motion in Limine to strike Mr. de Peralta should be denied.

**WHEREFORE**, Defendant MH SUB I, LLC d/b/a OFFICITE respectfully requests that Plaintiff's Motion in Limine be denied.

DATED on this 6th day of September, 2019.

By: /s/ Matthew S. Nelles
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
E. Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
Corporate Center
110 East Broward Blvd
Suite 670
Fort Lauderdale, Florida 33301
*Counsel for Defendant MH SUB I, LLC d/b/a/ OFFICITE*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Adriana Kostencki*
Adriana Kostencki

**SERVICE LIST**

**Case No. 4:17-cv-00181**

William H. Hollimon
Hollimon P.A.
118 N. Gadsden Street
Tallahassee, FL 32301
bill@hollimonpa.com
*Attorneys for Plaintiff Mitchell A. Pohl*

Joel B. Rothman
Schneider Rothman IP Law Group
4651 N Federal Hwy
Boca Raton, FL 33431
561-404-4350
Fax: 561-404-4353
Email: joel.rothman@sriplaw.com

Martin B. Sipple
Ausley & McMullen
123 S Calhoun St.
Tallahassee, FL 32301
850-224-9115
Fax: 850-222-7560
Email: msipple@ausley.com