IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL A. POHL, D.D.S. an individual,

    Plaintiff,                                                        Case No.: 4:17-cv-00181

v.

MH SUB I, LLC d/b/a/ OFFICITE an Illinois
Limited Liability Company

    Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE RE. SCREENSHOTS**

Defendant, MH SUB I, LLC d/b/a OFFICITE, respectfully moves the Court in *limine* to exclude Plaintiff's screenshots and states:

**Facts**

This is an alleged copyright infringement case. Plaintiff claims that in 2015 he conducted "Google image searches" of his patient's before/after cosmetic dentistry photos. As a result of these Google image searches, Plaintiff contends he discovered copies of his before/after photos on seven dentists' websites allegedly controlled or operated by Defendant. Notably, Defendant adamantly denies that these before/after photos are copyrightable, denies that they were ever copyrighted with the Copyright Office, and denies that they ever appeared on any of these dentists' websites.

Plaintiff has identified several "screenshot" documents he intends to try to introduce into evidence. They are listed on his Exhibit List as follows:

| 4. | | Google search screenshot 1 3/26/15 |
| 5. | | Google search screenshot 3/26/15 |
| 6. | | Screenshot – Oliva 4/15/16 |

1

| 7.  | | Screenshot – Cetel 4/15/16 |
|---|---|---|
| 8.  | | Screenshot – Miller 4/15/16 |
| 9.  | | Screenshot – Houlihan 4/15/16 |
| 10. | | Screenshot – Tanaka 4/15/16 |
| 11. | | Screenshot – Jolley 4/15/16 |

These screenshots, referred to collectively as the "Screenshots," are attached hereto as the **Composite Exhibit**.

The Screenshots were all supposedly taken from Plaintiff's computer several years ago. However, none of them are dated and none have a complete URL identifying the actual domain name and website supposedly represented by the Screenshots. As such, they are inadmissible.

## Legal Argument

"To authenticate an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *Z Industries USA, LLC v. Circuitronix, LLC*, No. 0:17-cv-60727-UU, 2018 WL 3412854, at *16 (M.D. Fla., June 20, 2018) (citing *Sanford v. Omni Hotels Mgmt. Corp.*, No. 3:16-CV-1578-J-34PDB, 2018 WL 1327090, at *5 (M.D. Fla., Mar. 15, 2018) (quoting Fed. R. Evid. 901(a))). In *Z Industries*, on summary judgment, a party tried to prove that the other party was unfairly competing based on website URLs referred to in its brief. 2018 WL at * 16. The party had not provided a screenshot of the website "that would permit the Court to determine that the URLs (cited) contain the alleged representation, nor that the URLs currently hyperlink to the same websites" that the party previously visited. *Id*. The court therefore held that the screenshots were not admissible. *Id*.

Notably, in *Z Industries*, the court cited two cases supporting its holding, both of which are instructive here. In *Randazza v. Cox*, No. 2:12-CV-2040-JAD-PAL, 2014 WL 1407378, at *2 (D. Nev. Apr. 10, 2014), the court held that even where screenshots of websites included the webpage URL with an affidavit affirming they were true and correct copies of the websites, the screenshots

2

were still not authenticated and thus inadmissible because they *lacked the date the website was accessed*. *Id*. (emphasis added); *see Ertelt v. Commissioner of Internal Revenue*, No. 10739-14L, 2017 WL 809951, at *3 (U.S. Tax Ct. Mar. 1, 2017) (holding undated screenshots of U.S. Postal Service website "have not been properly authenticated; in particular, the screenshots do not show when they were made….").

Similarly, in *Haines v. Home Depot U.S.A., Inc*., No. 1:10-CV-01763-SKO, 2012 WL 1143648, at *7 (E.D. Cal. Apr. 4, 2012), the court stated, "[c]ourts have considered website print-outs sufficiently authenticated where the proponent declared that they were true and correct copies of pages on the internet *and the print-outs included their webpage URL address and the dates printed*.") (emphasis added); *see also Roberts v. Gordy*, No. 13-24700-CIV-Williams, 2015 WL 11202323, at *3 (S.D. Fla. Feb. 6, 2015) (refusing to admit website screenshots where the defendant "did not properly authenticate it," citing *Lodge v. Kondaur Capital Corp*., 750 F.3d 1263, 1274 (11th Cir. 2014) (affirming trial court's decision to decline considering a document from a website because the document was not authenticated)); *Codigo Music, LLC v. Televisa, S.A*., No. 15-21737-CIV-Williams, 2016 WL 11501587, at *1 (S.D. Fla. Feb. 10, 2016) ("Plaintiffs submitted an unauthenticated, inadmissible website screenshot.  This screenshot is not evidence and the Court will not consider it.").

Here, the Screenshots offered by Plaintiff do not contain the complete URLs.  Nor do they reflect when the Screenshots were supposedly taken. Just as in *Z Industries*, *supra*, these Screenshots do not "permit the Court to determine that the URLs" contain the subject before/after photos "nor that the URLs currently hyperlink to the same websites" that Plaintiff allegedly visited. They are therefore inadmissible.  *See Z Industries, supra, Randazza, supra, Haines, supra*.

**WHEREFORE**, Defendant MH SUB I, LLC d/b/a OFFICITE respectfully requests that the Court grant this Motion in Limine and exclude from trial Plaintiff's unauthenticated screenshots.

DATED on this 23rd day of September, 2019.

> By: /s/ Matthew S. Nelles
> Matthew S. Nelles
> Florida Bar No. 009245
> mnelles@nklawflorida.com
> E. Adriana Kostencki
> Florida Bar No. 84507
> akostencki@nklawflorida.com
> Corporate Center
> 110 East Broward Blvd
> Suite 670
> Fort Lauderdale, Florida 33301
> *Counsel for Defendant MH SUB I, LLC d/b/a OFFICITE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: */s/ Adriana Kostencki*
> Adriana Kostencki

**SERVICE LIST**

**Case No. 4:17-cv-00181**

William H. Hollimon
Hollimon P.A.
118 N. Gadsden Street
Tallahassee, FL 32301
bill@hollimonpa.com
*Attorneys for Plaintiff Mitchell A. Pohl*

Joel B. Rothman
Schneider Rothman IP Law Group
4651 N Federal Hwy
Boca Raton, FL 33431
561-404-4350
Fax: 561-404-4353
Email: joel.rothman@sriplaw.com

Martin B. Sipple
Ausley & McMullen
123 S Calhoun St.
Tallahassee, FL 32301
850-224-9115
Fax: 850-222-7560
Email: msipple@ausley.com