UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL A. POHL, D.D.S.,**

    *Plaintiff,*

v.                                            **CASE NO.:  4:17cv181-MW/CAS**

**MH SUB I, LLC,**
d/b/a Officite,

    *Defendant.*
_____/

**ORDER ON MOTIONS IN LIMINE AND SANCTIONS**

    This Court has considered, without hearing, parties' various motions. For the reasons stated below, Plaintiff's Motion in Limine, ECF No. 87, is **DENIED**; Defendant's Motion to Compel or Strike Witness as Sanctions for Spoliation of Evidence, ECF No. 100, is **DENIED**; Plaintiff's Motion for Sanctions Regarding Defendant's Improper Attempts to Rely on Late-Disclosed Witness de Peralta, ECF No. 102, is **DENIED**; Defendant's Motion In Limine RE. Screenshots, ECF No. 106, is **GRANTED**.

    At the outset, it bears noting that the parties appear to seek additional discovery, but neither party has moved to re-open discovery. Both parties cite to this case's procedural posture to justify their late-disclosures and requests for additional

1

discovery.[1] If either party seeks additional discovery, they should file the appropriate motion, or should have so moved in the alternative in the motions pending before this Court.

# I

This case concerns alleged copyright infringement of photographs of teeth. In April 2016, Plaintiff, Dr. Mitchell A. Pohl, performed a reverse-image search on Google of the before-and-after photos of patient Belinda. ECF No. 40-1, ¶ 21. In doing so, Plaintiff claims to have discovered seven websites on which Belinda's before-and-after photos appeared—seven websites that were not his own. ECF No. 40-1, ¶ 22. Plaintiff now moves this Court to exclude certain dentists' website screenshots from WayBack Machine ("WayBack Machine evidence") and the testimony of Mr. Ian de Peralta. ECF No. 87. According to Defendant, the evidence Plaintiff seeks to exclude proves that the before-and-after photos of patient Belinda did not appear on the websites at issue. ECF No. 99, at 1–2. In short, the evidence goes to the root of the infringement analysis.

In response to Plaintiff's motion in limine, Defendant requests this Court take judicial notice of the WayBack Machine evidence under Federal Rule of Evidence

---

[1] Both parties have justified the late-disclosure of their witnesses because of the procedural posture of this case. *See* ECF No. 99, at 10 n.3; ECF No. 103, at 4. This Court will not permit parties to discuss this case's procedural history with the jury. For example, there will be no mention of an appeal or the Eleventh Circuit's ruling in this case.

Rule 201. ECF No. 99. Defendant also opposes Plaintiff's motion to strike the testimony of Mr. de Peralta. ECF No. 99.

While these motions were pending, the parties filed additional motions. Defendant moved to compel or strike witness as sanction for spoliation of evidence. ECF No. 100. Plaintiff filed a response in opposition, and Defendant filed a reply. ECF No. 103 & 104. Plaintiff then moved for sanctions regarding Defendant's improper attempts to rely on late-disclosed witness de Peralta. ECF No. 102. Defendant filed a response in opposition. ECF No. 105. Finally, Defendant moved to exclude certain screenshots taken by Plaintiff. ECF No. 106. Plaintiff filed a response in opposition. ECF No. 113.

## II

This Court first addresses Plaintiff's motion in limine to exclude WayBack Machine evidence. Defendant requests this Court take judicial notice of WayBack Machine evidence. Federal Rule of Evidence 201 "provides for taking judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Numerous courts, including our sister courts, have taken judicial notice of web pages available through the WayBack Machine. *See e.g.*, *Juniper Networks, Inc. v.*

*Shipley*, 394 Fed. App'x. 713, at *1 (Fed. Cir. 2010) (indicating, but not holding, that taking judicial notice of archived information may be appropriate); *Tobinick v. Novella*, Case No. 9:14-cv-80781, 2015 WL 152196, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of the Internet Archive's history of page); *Lee v. Michel Habashy, P.A.*, Case No. 6:09-cv-671-Orl-28GJK, 2010 WL 11626745, at *2 n.1 (M.D. Fla. Aug. 30, 2010) (taking judicial notice of defendant's phone number after performing a cursory search of the Wayback Machine); *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned, . . . and the Court does so here."); *Pond Guy, Inc. v. Aquascape Design, Inc.*, Case No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) (taking judicial notice of the parties' historical presence as represented by the Internet Archive because "[a]s a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for taking of judicial notice."); *Martins v. 3PD*, Case No. 11-11313-DPW, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) ("I take judicial notice of various historical versions of the 3PD website available on the Internet Archive . . . as facts readily determinable by resorts to a source whose accuracy cannot reasonably be questioned."); *UL LLC v. Space*

4

*Chariot, Inc.*, 250 F. Supp. 3d 596, 603 n.2 (C.D. Cal. 2017) ("[T]he Court takes judicial notice of archived [] webpages because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' "); *Walsh v. Teltech Sys., Inc.*, Case No. 13-13064-RWZ, 2015 WL 12856456, at *1 n.2 (D. Mass. July 30, 2015) (asking the parties to acquaint themselves with the Wayback Machine, and indicating that the court will take judicial notice of the contents of web pages available through Wayback Machine); *Under A Foot Plant, Co. v. Exterior Design, Inc.*, Case No. 6:14-cv-01371-AA, 2015 WL 1401697, at *2 (D. Or. Mar. 24, 2015) (granting plaintiff's request for judicial notice of an archived printout from defendant's website because "[d]istrict courts have routinely taken judicial notice of content from The Internet Archive pursuant to this rule."). These holdings come as no surprise as Intellectual Property lawyers frequently use WayBack Machine to determine issues related to infringement or invalidation of patents, trademarks, and copyrights.

This Court follows the lead of the overwhelming number of courts that have decided the issue and takes judicial notice of the contents of WayBack Machine evidence because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Assuming *arguendo* that this Court cannot take judicial notice of WayBack Machine evidence, the issue then becomes whether Defendant can authenticate the

5

evidence. Plaintiff argues that Defendant cannot properly authenticate WayBack Machine evidence because Defendant has failed to identify an Internet Archive representative with personal knowledge of the contents of the Internet Archive website as a witness. ECF No. 87, at 3. This Court disagrees.

As a threshold matter, Plaintiff has not provided a good-faith basis to challenge the authenticity of WayBack Machine evidence. Defendant seeks to use WayBack Machine evidence to show that the before-and-after photos of patient Belinda did not appear on the websites at issue. ECF No. 99, at 1–2. Plaintiff, on the other hand, seeks to show that the before-and-after images appeared on the websites at issue using screenshots of websites taken by Plaintiff and Mr. Holliman. However, Plaintiff has not alleged that the dates on WayBack Machine evidence are the same as the dates on the screenshots of the websites that Plaintiff and Mr. Holliman captured. This Court can envision a good-faith basis to challenge authenticity of WayBack Machine evidence if Plaintiff had made such an allegation. But that is not the case here.

Even assuming that Plaintiff has proffered a good-faith basis to challenge the authenticity of WayBack Machine evidence, Defendant has produced "evidence sufficient to support a finding" that WayBack Machine evidence is authentic. *See* Fed. R. Evid. 901(a). A screenshot from WayBack Machine raises two issues of authenticity. First, the proponent of a screenshot from WayBack Machine must show

6

that the printouts are from the WayBack Machine website and were printed on a certain date. In this case, Defendant may properly authenticate the screenshots from WayBack Machine by providing testimony of a witness who saw and printed the posting from the WayBack Machine website, so long as the screenshots contain circumstantial indicia of authenticity. *See SMS Audio, LLC v. Belson*, Case No. 16-81308-CIV, 2017 WL 1533971, at *3 (S.D. Fla. 2017) (citation omitted) ("[C]ourts generally permit the authentication of web postings, bearing a web address and the date printed, by a witness who saw and printed the posting 'for the limited purpose of proving that the postings had appeared on the world wide web on the days that [the witness] personally saw the postings and printed them off the computer.' "); *Foreword Magazine, Inc. v. OverDrive, Inc.*, Case No. 1:10-cv-1144, 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) ("[C]ourts generally hold that an affidavit of a witness, when viewed in combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they area."). Defendant has satisfied this requirement. The screenshots from WayBack Machine website have a web address and a date stamped on them showing the website from which the screenshots were taken and the date they were printed. *See* ECF No. 99-2.  Additionally, during a telephonic hearing conducted on October 04, 2019, counsel for Defendant represented to this Court that

Mr. Patrick Stack, Defendant's corporate witness, testified during his deposition that he personally took the screenshots from the WayBack Machine.

Second, the proponent of a screenshot from WayBack Machine must show the archived screenshot is what the proponent claims it is—a printout from a particular webpage on a certain date. *See* Fed. R. Evid. 901(a). The issue, then, is what must a proponent proffer to make such a showing.

The archived data viewable using the WayBack Machine is compiled using software programs known as crawlers, which surf the Web and *automatically* store copies of web files, preserving these files as they exist at the point of time of capture. ECF No. 99-3, at 2 (emphasis added); *see also Abu-Lughod v. Calis*, Case No. CV 13-2792 DMG (RZx), 2015 WL 12746198, at * 2 (C.D. Cal. 2015). "The crawler does not exercise any 'decisionmaking' power as to what will be preserved but simply takes a screenshot of a website at a particular point in time." *Abu-Lughod*, 2015 WL 12746198, at *2. Additionally, screenshots from the WayBack Machine contain circumstantial indicia of reliability. That is, when a screenshot is captured using the WayBack Machine, the screenshots will display the URL of a web page archived by the WayBack Machine along with the date the screenshot was captured by the crawler. *See* ECF No. 99-3, at 2 ("The Internet Archive assigns a URL on its site to the archived files in the format http://web.archive.org/web/[Year in yyyy][Month in mm][Day in dd][Time code in hh:mm:ss]/[Archived URL] . . . A

web browser may be set such that a printout from it will display the URL of a web page in the printout's footer."). As such, the proponent of printouts from WayBack Machine need only provide an "affidavit of a person with personal knowledge who can attest that the third-party crawler operates to create an unaltered copy of a website as it appears on a given day" to satisfy the authenticity requirement under Federal Rule of Evidence 901(a). *Abu-Lughod*, 2015 WL 12746198, at *2.

Defendant has provided two affidavits, albeit from different cases, of a representative from the Internet Archive that has personal knowledge about how third-party crawler operates. ECF No. 99-3. This Court may properly consider this evidence to determine authenticity of WayBack Machine evidence. Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible. In so doing, the court is not bound by evidence rules, except those on privilege."). The affidavits provided by Defendant is sufficient to show that WayBack Machine evidence is authentic.

For these reasons, Plaintiff's motion in limine to exclude WayBack Machine evidence, ECF No. 87, is denied.

**III**

Plaintiff seeks to exclude the testimony of Mr. de Peralta because Defendant failed to disclose him prior to the close of discovery. ECF No. 87, at 3. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e),

9

the party is not allowed to use that information or witness to supply evidence on motion, at a hearing, or at a trial, unless failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is substantially justified or harmless is entrusted to the broad discretion of the district court." *Mid-Am. Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (internal citation omitted).

In determining whether to exclude previously undisclosed evidence under Rule 37, this Court considers 1) the importance of the evidence, 2) the reason for the party's failure to disclose the evidence earlier, and 3) the prejudice to the opposing party if the evidence is considered. *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161-62 (11th Cir. 2005).

### A

Mr. de Peralta's testimony is important to the issue of infringement. The basic premise of Plaintiff's infringement allegation is that he performed a reverse-image search on Google and saw Belinda's before-and-after photos on seven websites developed or designed by Defendant. ECF No. 40-1, ¶¶ 21, 23. Defendant seeks to use Mr. de Peralta's testimony to show that Plaintiff could not have seen Belinda's

before-and-after photos on websites designed by Defendant because it was impossible for these images to have appeared on the websites at issue.

Mr. de Peralta was disclosed, after the end of discovery, as a person with "knowledge of the development of the websites at issue in this case; knowledge concerning Officite's practices and procedures concerning website development; knowledge concerning the impossibility that the subject before and after photos appeared on any website developed by Officite." ECF. No. 102-1, at 2. During his deposition, Mr. de Peralta provided several reasons why Defendant's before-and-after images would not appear on Defendant's website. ECF No. 102-2, at 20:4–16, 24:19–21, 45:19–22, 46:2–14; 46:22–47:9; 48:21–49:16, 49:21–25, 50:1. The crux of Mr. de Peralta's testimony is that the library of photos Defendant uses to design websites contains no before-and-after pictures of teeth and it would, therefore, be impossible for these images to have appeared on websites designed by Defendant. Mr. de Peralta's knowledge with respect to Defendant's practice and procedure concerning website development, along with his testimony that before-and-after images of teeth never existed in the library of images used to design websites, is critical to Defendant's defense of non-infringement. Accordingly, this factor weighs against excluding Mr. de Peralta's testimony.

**B**

Defendant's justification for its belated disclosure of Mr. de Peralta is that summary judgment was entered against Plaintiff and the case was on appeal. ECF No. 99, at 10 n.3. Despite Defendant's justifications, summary judgment was entered on June 20, 2018, months after discovery cutoff date of September 11, 2017. ECF No. 8. Additionally, Mr. de Peralta has been a web developer for Defendant for over ten years. ECF No. 102-2, at 7:7–9. Moreover, Defendant knew of its impossibility theory at least as early as June 19, 2017, when it submitted its answers to interrogatories.[2] ECF No. 105, at 3–4. Defendant could have disclosed Mr. de Peralta prior to the discovery cutoff date. Therefore, this factor supports exclusion of Mr. de Peralta's testimony.

C

Plaintiff claims prejudice due to the late disclosure of Mr. de Peralta. But whatever prejudice Plaintiff suffered could have been avoided by diligently seeking discovery. Plaintiff was well aware of Defendant's assertion that the before-and-after images never appeared within its library of images. ECF No. 105-3, at 2 ("Defendant implemented a photo library tracking system, which proves objectively that it did not use, keep, source, or hold the allegedly Infringement Photographs after March 18, 2014."); ECF No. 105-4, at 31:22–32:2 ("[T]here was essentially a

---

[2] This fact cuts both ways. The Plaintiff also knew of Defendant's impossibility theory as explained *supra* at Section III. C.

12

repository, a company-wide repository in March of 2014 which catalogued all of the content textual and all of the other image content that was used for the website in their development. We looked specifically for that image. We determined it did not appear at all."); ECF No. 42, at 13 ("A search of [the digital] library reveals that since at least as early as March 18, 2014, Officite did not even have possession of the subject before/after photos."). Defendant's initial disclosure listed its "Corporate Representative." ECF No. 13. Although Defendant did not specifically disclose Mr. de Peralta as its corporate representative, Plaintiff was aware of Defendant's impossibility theory at least as early as June 19, 2017. Plaintiff could have easily requested a corporate representative with knowledge about the library of images. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as deponent a public or private corporate, a partnership, an association, a government agency or other entity and must describe with reasonable particularity the matters for examination."). The record is void of any such request.[3] Over the course of discovery, even after being informed about the library of images, Plaintiff did not seek discovery to learn more about it. Additionally, Defendant provided Mr. de Peralta for deposition, and Plaintiff deposed him. *See Burns v. Georgetown Univ.*

---

[3] The prejudice analysis would have favored Plaintiff if they had made such a request, and Defendant would have failed to designate Mr. de Peralta as a corporate witness. That is not the case here. Plaintiff was aware of Defendant's impossibility theory, which is at the root of Defendant's non-infringement defense, and still failed to seek deposition of a corporate witness that would be knowledgeable about the facts surrounding the library of images.

13

*Med. Ctr.*, 106 F. Supp. 238, 242 (D.D.C. 2015) ("Plaintiff can cure the harm caused by inadequate disclosure by promptly providing the two additional witnesses for deposition at this point . . . ."). In light of these facts, this factor weighs against excluding Mr. de Peralta's testimony.

Plaintiff has sought additional discovery based on Mr. de Peralta's deposition, and Defendant has agreed to cooperate in producing it. ECF No. 105, at 10.

For these reasons, this Court finds Defendant's late disclosure of Mr. de Peralta was harmless. Therefore, Plaintiff's motion to exclude his testimony, ECF No. 87, is denied. Consequently, Plaintiff's motion for sanctions, ECF No. 102, is also denied.

## IV

Next, this Court considers Defendant's motion to compel or to strike witness as sanction for spoliation of evidence. ECF No. 100.[4] Defendant learned of additional relevant evidence when it deposed Larry Bergus. ECF No. 100, at 2-5. The relevant evidence included emails between Plaintiff and Mr. Bergus. Defendant

---

[4] Notably, Defendant does not seek to strike Mr. Burges as a witness because he was disclosed after the end of discovery. Mr. Burges' testimony does not appear to be as important as Mr. de Peralta's. Mr Bergus' testimony does not relate to the two important issues in this case—whether the photos at issue are copyrightable or whether Defendant infringed on Plaintiff's right. While Mr. Bergus testifies how Plaintiff took his before-and-after photos, ECF No. 103-1, at 79:14-24, that testimony has little or no bearing on how Plaintiff took Belinda's before-and-after photos. Further, Defendant would have suffered from prejudice because, unlike Plaintiff, Defendant was unaware of Mr. Bergus or the scope of his testimony until after the end of discovery. However, this Court has not been presented with such an argument and does not, therefore, undergo the analysis it did for Plaintiff's motion to strike Mr. de Peralta.

then requested Plaintiff's counsel produce emails between Plaintiff and Mr. Bergus, to which Plaintiff's counsel responded, "[o]ur Client does not have any emails." ECF No. 100-3. Plaintiff, in his declaration, stated that he sent Mr. Bergus emails containing 1) this Court's decision on summary judgment, 2) an email with a link to an article, and 3) an email that shows photo of Belinda's before-and-after photos. ECF No. 103-2, ¶ 7. Plaintiff further stated that he did not save these emails because he did not know that "it was necessary to do so." ECF No. 103-2, ¶ 7.

Defendant asks this Court to order Plaintiff to produce emails between Plaintiff and Mr. Bergus, grant Defendant leave to subpoena Plaintiff's and Mr. Bergus' internet service providers, and/or strike Mr. Bergus as a trial witness. ECF No. 100, at 9.

First, this Court tackles the issue of sanctions. There is no dispute that Plaintiff failed to preserve his emails. But, "a party's failure to preserve evidence rises of sanctionable spoliation 'only where the absences [*sic*] of that evidence is predicated on bad faith' such as where a party purposely loses or destroys relevant evidence." *Miles v. United States*, Case No. 3:14cv360-MCR/CJK, 2016 WL 3556845, at * 1 (N.D. Fla. Mar. 30, 2016) (internal citations omitted). Defendant has proffered no evidence or argument of bad faith on part of Plaintiff in deleting emails between Plaintiff and Mr. Bergus. As such, this Court declines to sanction Plaintiff by striking Mr. Bergus as a trail witness.

Although this Court refuses to strike Mr. Bergus as a trial witness, it will grant Defendant wide latitude to cross-examine Mr. Bergus and Plaintiff on the issue of these emails. Under normal circumstances, this Court would limit such cross-examination under Federal Rule of Evidence 403. However, Mr. Bergus was disclosed as a witness after the end of discovery. Defendant learned of relevant emails during Mr. Bergus' deposition. After Mr. Bergus' deposition, Defendant diligently sought these emails from Mr. Bergus and Plaintiff. ECF No. 100, at 5–6. Plaintiff refused to turn over these emails because he did not save them, and threatened Defendant with a motion for sanction if it attempts to contact Mr. Bergus for the emails. ECF No. 100-3; ECF No. 100-4; ECF No. 103-2, ¶ 7. Further, Plaintiff opposes Defendant's motion to leave to subpoena his email provider. ECF No. 103-2, ¶¶ 8–9. If this Court does not give Defendant wide latitude to cross-examine Mr. Bergus and Plaintiff on the issue of these emails, Defendant will be unduly prejudiced because it will be deprived of the opportunity of showing Mr. Bergus' bias. Under these circumstances, fairness dictates that this Court permit Defendant wide latitude to cross-examine Mr. Bergus and Plaintiff on the issue of these emails.

Additionally, it appears from Defendant's arguments that it wishes to conduct further discovery. But, as Defendant is well aware, discovery has closed in this case. If Defendant wishes to re-open discovery so that it may request relevant documents,

Defendant should file an appropriate motion to re-open discovery. According, Defendant's motion to compel or strike witness as sanction for spoliation of evidence, ECF No. 100, is denied.

## V

Defendant seeks to exclude exhibits 4 to 11 because they cannot be properly authenticated. ECF No. 106, at 2. Exhibits 4 to 11 are screenshots of various websites taken from Plaintiff's computer. ECF No. 106, at 2. Defendant argues that these screenshots cannot be properly authenticated and are, therefore, inadmissible because they do not have a date stamp or a complete URL identifying the actual domain name. ECF No. 106, at 2. In short, Defendant argues that the screenshots lack sufficient indicia of authenticity. This Court agrees.

Under Federal Rule of Evidence 901(a), the document's "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Plaintiff has not provided evidence sufficient to show that the screenshots are what he claims them to be. Plaintiff offers these screenshots to show that copyrighted photographs appeared on certain websites on a certain date. Thus, in order to authenticate the screenshots, Plaintiff must show that they are from certain websites and were printed on a certain date. Plaintiff provides his own testimony to show authenticity. But Plaintiff's testimony alone is not enough. "[C]ourts generally hold that an affidavit of a witness, when viewed in

combination with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable juror in the belief that the documents are what the proponent says they area." *Foreword Magazine, Inc*, 2011 WL 5169384, at *3; *see also Randazza v. Cox*, Case No. 2:12-cv-2040-JAD-PAL, 2014 WL 1407378, at *2 (D. Nev. Apr. 10, 2014) (holding that plaintiff had not properly authenticated the screenshots because dates were absent from the webpages that were printed); *SMS Audio, LLC*, 2017 WL 1533971, at *3; *Firehouse Rest. Grp., Inc. v. Scurmont LLC*, Case No. 4:09-cv-00618-RBH, 2011 WL 3555704, at *4 (D.S.C. Aug. 11, 2011).

Plaintiff has failed to provide sufficient circumstantial indicia of authenticity, which, when viewed in combination with his testimony would support authenticity. Plaintiff attempts to support his testimony with other evidence, which he claims shows authenticity. *See* ECF No. 113, at 2–4. First, Plaintiff argues that the file names for the screenshots provide support for authenticity. ECF No. 113, at 2. The file names provide a date on which these screenshots were purportedly saved, and the dates that appear on the file names are consistent with Plaintiff's testimony. ECF No. 113, at 2. However, file names are not computer generated, are created by Plaintiff, and can be easily changed. Therefore, file names do not provide sufficient circumstantial indicia of authenticity for the screenshots.

Next, Plaintiff relies on exhibits 12 to 14 to show that Exhibits 4 to 11 are authentic. ECF No. 113, at 3–4. Exhibits 12 to 14 are screenshots of certain websites and overlap with exhibits 8, 7, and 11, respectively. ECF No. 113-1, at 4–5, 8–13. Exhibits 12 to 14 have the date of printing and a URL stamped on the screenshots. ECF No. 113-1, at 9–13. But, exhibits 12 to 14 were printed on May 25, 2016. ECF No. 113-1, at 9–13. On the other hand, Plaintiff purportedly printed exhibits 4 to 11 in March and April of 2016. ECF No. 113, at 1–2. Exhibits printed on a different date do not provide sufficient circumstantial indicia of authenticity for screenshots that were purportedly printed in March and April of 2016.

For the reasons provided, at this juncture, it appears that Plaintiff may not be able to properly authenticate exhibits 4 to 11 and, therefore, Defendant's motion in limine, ECF No. 106, is granted. Plaintiff may attempt to authenticate these exhibits during trial by providing sufficient circumstantial evidence of authenticity, along with Plaintiff's testimony, to show that the screenshots are from certain website and were printed on a certain date.

## VI

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine, ECF No. 87, is **DENIED**.

2. Defendant's Motion to Compel or to Strike Witness as Sanctions for Spoliation of Evidence, ECF No. 100, is **DENIED**.

3. Plaintiff's Motion for Sanctions Regarding Defendant's Improper Attempts to Rely on Late-Disclosed Witness de Peralta, ECF No. 102, is **DENIED**.

4. Defendant's Motion in Limine Re. Screenshots, ECF No. 106, is **GRANTED**.

**SO ORDERED on October 7, 2019.**

        s/Mark E. Walker
        **Chief United States District Judge**