**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**MITCHELL A. POHL, D.D.S.,**

***Plaintiff,***

**v.** **CASE NO.: 4:17cv181-MW/CAS**

**MH SUB I, LLC,**
**d/b/a Officite,**

***Defendant.***
__________________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

This Court has considered, without hearing, Plaintiff's Motion for Voluntary Dismissal. ECF No. 136. Defendant opposes this motion and has requested a hearing to determine if dismissal is appropriate, with or without prejudice, and if it is appropriate, whether conditions should be imposed. ECF No. 138. This Court concludes that a hearing is not required to resolve Plaintiff's motion. For the reason provided below, Plaintiff's motion is **DENIED**.

**I**

This copyright action began a long time ago. Roughly two and a half years ago, Plaintiff accused Defendant of infringing on before-and-after images of his patient's teeth taken in 2004. *See* ECF No. 1. The parties went through discovery until Plaintiff filed a motion for partial summary judgment, ECF No. 41, and

Defendant filed a motion for summary judgement, ECF No. 50. Defendant, in its summary judgement motion, attempted to limit the scope of Plaintiff's 2005 copyright to his website as it appeared in 2000, rendering the copyright inapplicable as to the 2004 photos. Specifically, Defendant argued that because the copyright registration identified the work's completion in 2000 and November 20, 2000 as the date of its first publication, then 2000 is the correct year for the copyright's scope. ECF No. 50, at 5–9. This Court refused to limit the scope of Plaintiff's 2005 copyright. ECF No. 61, at 7. In doing so, this Court largely relied on Plaintiff's affidavit in which he stated, among other things, that he erroneously interpreted the copyright registration form to direct him to add the date of his *website*'s creation and first publication—not the date of the *photographs*' creation and first publication. ECF No. 40-1, ¶ 16. Plaintiff stated that he should have entered 2005 as the year the work was completed and November 21, 2005 as the date of the first publication. ECF No. 40-1, ¶ 16. As a result, this Court held that Plaintiff's testimony created a genuine issue of material fact and, therefore, summary judgment was not appropriate as to that issue. ECF No. 61, at 7.[1]

[1] However, this Court granted summary judgment in favor of Defendant because it found that the photos at issue were not copyrightable. ECF No. 61, at 13. The Eleventh Circuit reversed this Court's decision on that narrow issue. *See Pohl v. MH Sub I LLC*, 770 F. App'x 482, 489–90 (11th Cir. 2019).

In their summary judgment motion, Defendant provided no evidence that would rebut Plaintiff's testimony—nor could it have. This is not because no evidence existed that would effectively rebut Plaintiff's testimony regarding his mistaken belief about the registration form, nor was it because Defendant's did not diligently seek discovery of the relevant evidence.

The relevant evidence is email correspondence between the Copyright Office and Plaintiff, which the Defendant filed roughly two-weeks before trial was set in this case. ECF No. 130-8. Through this correspondence, the Copyright Office gave Plaintiff the option to register either the 2005 version of his website or the 2000 version of his website. ECF No. 130-8, at 2. If Plaintiff desired to register the 2005 version, the Copyright examiner offered to amend the dates in section 3(a) and 3(b) of the registration to the year 2005. ECF No. 130-8, at 2. The examiner further notified Plaintiff that he could offer the 2005 version as evidence to support his request to register the 2000 version. ECF No. 130-8, at 2. In response, Plaintiff elected to register the 2000 version of his website instead of the 2005 version. ECF No. 130-8, at 3. One of Plaintiff's attorney possessed the email correspondence. ECF No. 133-2. Defendant, as one would expect in a copyright case, requested "all correspondence" Plaintiff had with the Copyright Office concerning his Registration, to which Plaintiff responded, "None." ECF No. 130-3, no. 3. Defendant

asked Plaintiff during deposition if he remembered any communication with the Copyright Office, to which Plaintiff responded, "No." ECF No. 130-4, at 63:5-7.

At some point during the ongoing litigation, Defendant requested that the Copyright Office produce a certified copy of the deposit material. ECF No. 116, at 1. On October 4, 2019, roughly sixteen weeks after Defendant requested the certified copy of the deposit materials, Defendant received the certified materials from the Copyright Office. ECF No. 131, at 12. The certified materials included the email correspondence described above. ECF No. 131, at 13. Based on this newly discovered evidence, Defendant moved for, among other things, summary judgment arguing that the images at issue were not copyrighted. ECF No. 131, at 13. To resolve the issues raised in Defendant's motion, this Court conducted a telephonic hearing on October 11, 2019. ECF No. 135. During the hearing, Plaintiff represented that additional discovery was needed.[2] This Court found it prudent to reopen discovery until December 11, 2019. ECF No. 135. This Court also denied, without prejudice, Plaintiff's motion for summary judgement and ordered Plaintiff to file a renewed motion for summary judgment after the end of discovery. ECF No. 135. A day after

[2] During the hearing, Plaintiff argued that the Eleventh Circuit, in reversing this Court's order on summary judgment, stated that the question of a valid copyright registration is a question of fact that the jury needs to decide. This argument is disingenuous. The Eleventh Circuit ruled that the question of whether images were copyrightable is a question of fact. *See generally MH Sub I LLC*, 770 F. App'x 482. Whether an image is copyrightable is a separate and distinct issue from whether the image was ever copyrighted. And while the Eleventh Circuit stated that there was a genuine issue of material fact related to whether the images were copyrighted, it did not have the evidence currently before this Court. *Id.* at 485 n.1.

this Court reopened discovery, Plaintiff's counsel requested a settlement, ECF No. 138, at 7, and shortly thereafter filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), ECF No. 136.

In sum, Plaintiff failed to provide relevant evidence to Defendant, despite Defendant's request, which was in their possession and which could have resolved this case on summary judgment. On the eve of trial, when confronted with this evidence, Plaintiff represented that additional discovery was required and then shortly thereafter moved to dismiss his complaint without prejudice. The issue raised by Plaintiff's motion is whether this Court should, given the facts of this case, dismiss Plaintiff's complaint without prejudice with each party bearings its own costs and attorney fees. ECF No. 136, at 2. In essence, Plaintiff asks this Court to dismiss his complaint without prejudice and without any curative conditions. This Court declines to do so.

**II**

Rule 41(a)(2) permits plaintiff to seek dismissal "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of the rule is primarily to prevent voluntary dismissal which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (internal quotation and citation omitted). "Thus a district court considering a motion for dismissal without prejudice should bear in

mind principally the interests of the defendants, for it is the defendant's position that the court should protect." *Id.* And although "the district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2) . . . [i]n most cases, a voluntary dismissal should be granted unless the defendants will suffer clear legal prejudice . . . ." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

Defendant supports dismissal of this suit, but with prejudice and upon certain conditions. ECF No. 138. There is no doubt that Defendant would suffer prejudice if this Court were to dismiss Plaintiff's complaint without prejudice. Defendant would be foreclosed from seeking attorneys' fees and costs under Copyright Act, 17 U.S.C. § 505 because a dismissal without prejudice would not confer "prevailing party" status to Defendant. *See* 17 U.S.C. § 505 ("[T]he court may . . . award a reasonable attorney's fees to the prevailing party as part of the costs"); *see also Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) (finding that voluntary dismissal without prejudice does not confer prevailing party status). Arguably, Defendant's inability to seek attorneys' fees and costs could constitute clear legal prejudice. However, Defendant has provided no binding authority, and this Court has found no such authority, holding that inability to seek attorneys' fees and cost constitutes clear legal prejudice. This Court need not decide this issue here because it may, even absent clear legal prejudice, "exercise its broad equitable discretion

under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing . . . such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.

This Court may alleviate prejudice suffered by Defendants by employing its discretion to award Defendant all litigation-related expenses, including attorneys' fees, as a condition for granting Plaintiff's motion for voluntary dismissal without prejudice. *McCants*, 781 F.2d at 860. Indeed, the Eleventh Circuit has held that "a plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expense of litigation," which may include "all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *Id.*; *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 2366 ("[T]he district judge at least should require that plaintiff pay the costs of the litigation and that practice has become common place . . . . The district court may require the plaintiff to pay the defendant's attorney's fees as well as other litigation costs and disbursements").

A condition of paying litigation costs, including attorneys' fees, is appropriate here. Defendant's have incurred considerable cost in litigating this case for over two years. Defendant conducted discovery, filed various motions including motion for

summary judgment, defended an appeal by Plaintiff, and prepared for trial. Fairness dictates that Plaintiff's motion for voluntary dismissal without prejudice should be conditioned on payment of litigation costs, including attorneys' fees.[3]

For the reasons stated, this Court will grant Plaintiff's motion for voluntary dismissal only if Plaintiff agrees to pay reasonable litigation costs, including reasonable attorneys' fees. The Plaintiff, therefore, has two options. He can either decline to dismiss, decline to pay, and take his chances at trial; or he can accept the dismissal with the conditions set forth in this order. Plaintiff shall advise this Court of his decision on or before November 12, 2019.

**SO ORDERED on November 4, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**

[3] This Court may outright deny Plaintiff's motion for voluntary dismissal, but it chooses not to do so. In *McBride v. JLG Indus., Inc*, the Eleventh Circuit affirmed district court's denial of voluntary dismissal without prejudice based on various considerations including the late stage of the litigation, the number of motions filed, discovery produced, and plaintiff's underlying motivation in seeking voluntary dismissal—avoiding an expected adverse ruling on Defendant's summary judgment motions. 189 F. App'x 876, 878 (11th Cir. 2006). Here, Plaintiff sought voluntary dismissal after two and half years of litigation, numerous motions, and after Defendant discovered relevant evidence and moved for summary judgment. *See* ECF No. 131; ECF No. 136. Strikingly, Plaintiff offers no reasons for seeking to voluntary dismissal of this lawsuit, claiming only that he seeks dismissal "for a variety of reasons that are not relevant to this motion." ECF No. 136, at 2. And while this Court denied Defendant's motion for summary judgment, it did so without prejudice and asked the Plaintiff to file a renewed motion for summary judgment after close of discovery. ECF No. 135. As such, Plaintiff undoubtedly expected Defendant to file a summary judgment motion arguing that the images at issue were not copyrighted. Based on this, and lack of any justification for dismissal, it is a reasonable inference that Plaintiff seeks dismissal to avoid an expected adverse ruling.