IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL A. POHL, D.D.S. an individual,

    Plaintiff,                                                                       Case No.: 4:17-cv-00181

v.

MH SUB I, LLC d/b/a/ OFFICITE an Illinois
Limited Liability Company

    Defendant.
_____/

**DEFENDANT'S SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

In accordance with the hearing held on October 11, 2019 and subsequent Order, D.E. 135, Defendant, MH SUB I, LLC d/b/a OFFICITE, respectfully moves this Court to grant summary judgment in Defendant's favor for, *inter alia*, failure of Plaintiff, as a matter of law, to prove that he ever copyrighted the images in question. In further support of this Motion, Defendant states:

        **I.**        **Procedural and Factual Overview: This Court's Findings**

The following procedural and factual background was provided by the Court in its Order Denying Plaintiff's Motion for Voluntary Dismissal dated November 4, 2019 [ECF No. 139]:

This copyright action began over two and a half years ago when Plaintiff accused Defendant of infringing on before-and-after images of his patient's teeth taken in 2004. *See* ECF No. 1. The parties went through discovery until Defendant filed a motion for summary judgment, ECF No. 50. In its Motion, Defendant attempted to limit the scope of Plaintiff's 2005 copyright to his website as it appeared in 2000, rendering the copyright inapplicable to the 2004 photos. Specifically, Defendant argued that because the copyright registration identified the work's

1

completion in 2000 and November 20, 2000 as the date of its first publication, then 2000 is the correct year for the copyright's scope. ECF No. 50, at 5–9.

The Court refused to limit the scope of Plaintiff's 2005 copyright. ECF No. 61, at 7. In doing so, the Court largely relied on Plaintiff's affidavit in which he stated, among other things, that he erroneously interpreted the copyright registration form to direct him to add the date of his *website*'s creation and first publication—not the date of the *photographs*' creation and first publication. ECF No. 40-1, ¶ 16. Plaintiff stated that he should have entered 2005 as the year the work was completed and November 21, 2005 as the date of the first publication. ECF No. 40-1, ¶ 16. As a result, the Court held that Plaintiff's testimony created a genuine issue of material fact and, therefore, summary judgment was not appropriate as to that issue. ECF No. 61, at 7.[1]

In their summary judgment motion, Defendant provided no evidence that would rebut Plaintiff's testimony—nor could it have. This is not because no evidence existed that would effectively rebut Plaintiff's testimony regarding his mistaken belief about the registration form, nor was it because Defendant did not diligently seek discovery of the relevant evidence. The relevant evidence is email correspondence between the Copyright Office and Plaintiff, which the Defendant filed roughly two-weeks before trial was set in this case. ECF No. 130-8. Through this correspondence, the Copyright Office gave Plaintiff the option to register either the 2005 version of his website or the 2000 version of his website. ECF No. 130-8, at 2. If Plaintiff desired to register the 2005 version, the Copyright examiner offered to amend the dates in section 3(a) and 3(b) of the registration to the year 2005. ECF No. 130-8, at 2. The examiner further notified

---

[1] However, the Court granted summary judgment in favor of Defendant because it found that the photos at issue were not copyrightable. ECF No. 61, at 13. The Eleventh Circuit reversed this Court's decision on that narrow issue. *See Pohl v. MH Sub I LLC*, 770 F. App'x 482, 489–90 (11th Cir. 2019).

Plaintiff that he could offer the 2005 version as evidence to support his ("special relief") request to register the 2000 version. ECF No. 130-8, at 2. In response, Plaintiff elected to register the 2000 version of his website instead of the 2005 version. ECF No. 130-8, at 3.

One of Plaintiff's attorneys possessed the email correspondence. ECF No. 133-2. Defendant, as one would expect in a copyright case, requested "all correspondence" Plaintiff had with the Copyright Office concerning his Registration, to which Plaintiff responded, "None." ECF No. 130-3, no. 3. Defendant asked Plaintiff during deposition if he remembered any communication with the Copyright Office, to which Plaintiff responded, "No." ECF No. 130-4, at 63:5-7.

At some point during the ongoing litigation, Defendant requested that the Copyright Office produce a certified copy of the deposit material. ECF No. 116, at 1. On October 4, 2019, roughly sixteen weeks after Defendant requested the certified copy of the deposit materials, Defendant received the certified materials from the Copyright Office. ECF No. 131, at 12. The certified materials included the email correspondence described above. ECF No. 131, at 13.

Based on this newly discovered evidence, Defendant moved for, among other things, summary judgment arguing that the images at issue were not copyrighted. ECF No. 131, at 13. To resolve the issues raised in Defendant's motion, the Court conducted a telephonic hearing on October 11, 2019. ECF No. 135. During the hearing, Plaintiff represented that additional discovery was needed.[2] The Court found it prudent to reopen discovery until December 11, 2019. ECF No.

---

[2] During the hearing, Plaintiff argued that the Eleventh Circuit, in reversing the Court's order on summary judgment, stated that the question of a valid copyright registration is a question of fact that the jury needs to decide. In its Order, D.E. 139, the Court found this argument to be disingenuous. As the Court explained, the Eleventh Circuit ruled that the question of whether images were copyrightable is a question of fact. *See generally MH Sub I LLC*, 770 F. App'x 482. But whether an image is copyrightable is a separate and distinct issue from whether the image was ever copyrighted. And while

135. The Court also denied, without prejudice, Defendant's motion for summary judgment and ordered Defendant to file a renewed motion for summary judgment after the end of discovery. ECF No. 135. A day after the Court reopened discovery, Plaintiff's counsel requested a settlement, ECF No. 138, at 7, and shortly thereafter filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), ECF No. 136.

In sum, Plaintiff failed to provide relevant evidence to Defendant, despite Defendant's request, which was in his possession and which could have resolved this case on summary judgment (much earlier in the litigation). On the eve of trial, when confronted with this evidence, Plaintiff represented that additional discovery was required and then shortly thereafter moved to dismiss his complaint without prejudice.

## II. Plaintiff's Election to Continue with the Case Despite the Court's Findings

In its Order on Plaintiff's Motion for Voluntary Dismissal, ECF No. 139, the Court noted that it could outright deny Plaintiff's motion, but it chose not to do so. ECF No. 139, n. 3 (citing *McBride v. JLG Indus., Inc*, 189 F. App'x 876, 878 (11th Cir. 2006)). The Court explained that Plaintiff sought voluntary dismissal after two and half years of litigation, numerous motions, and after Defendant discovered relevant evidence and moved for summary judgment. ECF No. 139, n.3 (citing ECF No. 131; ECF No. 136). The Court found:

> Strikingly, Plaintiff offers no reasons for seeking voluntary dismissal of this lawsuit, claiming only that he seeks dismissal "for a variety of reasons that are not relevant to this motion." ECF No. 136, at 2. And while this Court denied Defendant's motion for summary judgment, it did so without prejudice and asked [Defendant] to file a renewed motion for summary judgment after close of discovery. ECF No. 135. As such, Plaintiff undoubtedly expected Defendant to file a summary judgment motion arguing that the images at issue were not copyrighted. Based on this, and lack of any justification for dismissal, it is a

---

the Eleventh Circuit stated that there was a genuine issue of material fact related to whether the images were copyrighted, it did not have the evidence currently before this Court. *Id.* at 485 n.1.

4

>reasonable inference that Plaintiff seeks dismissal to avoid an expected adverse ruling.

ECF No. 139, n.3. The Court ruled that Plaintiff could dismiss his case upon condition that he pay Defendant's attorneys' fees, or "decline to dismiss, decline to pay, and take his chances at trial." ECF No. 139. Plaintiff elected the latter. ECF No. 140.

### III. Plaintiff Conducted Virtually No Additional Discovery and the Facts Remain Unchanged

As noted above, Plaintiff is the one who, at the October 11, 2019 hearing, argued that the Court should postpone ruling on Defendant's motion for summary judgment so that Plaintiff could conduct additional discovery. Plaintiff argued that discovery should be permitted concerning, *inter alia*, the circumstances surrounding his emails with the Copyright Office whereby he elected to register the 2000 version of his website and not the 2005 version. Defendant opposed any further discovery, but the Court granted Plaintiff's request.[3]

Having prevailed upon the Court to allow it to conduct additional discovery, Plaintiff did virtually nothing with that reprieve. The sole discovery Plaintiff undertook since October 11, 2019 was a request for production asking Defendant for change logs and HTML source code relating to the dentists' websites on which the subject images are alleged to have appeared. *See* **Exhibit** hereto. Plaintiff conducted no discovery whatsoever concerning the issues surrounding his emails to the Copyright Office or, for that matter, anything related to the Court's main focus: whether the subject images were copyrighted. Thus, Plaintiff's October 11, 2019 request for a postponement of the summary judgment motion appears to have been a ruse.

---

[3] As noted above, the day after the hearing, Plaintiff offered Defendant a settlement. ECF No. 138 at 7.

5

## IV.     Statement of Undisputed Facts

**A.**     Plaintiff's Concealment of Evidence Concerning Copyright Deposit Materials

*i) Initial and Amended Disclosures*

1.     On June 26, 2017, Plaintiff filed his Initial Disclosures. Document disclosure no. 1 states, "Copyright Registration TX 6-210-837 and supplementary registration TX 6-484-589 (collectively, the "'837 Registration") and associated Deposit Materials." [ECF No. 14 at 2].

2.     On that same day, Plaintiff sent an email to Defendant stating:

> Please find attached Plaintiff's Initial Disclosures under Rule 26.  By email, I previously produced documents identified in this disclosure - except for deposit materials associated with the CR registration.  Here is a link to the CR Deposit materials:   https://www.dropbox.com/sh/qvvduw5u6decj89/AADB2evpwqK7ozUE44Zld-7Wa?dl=0

3.     The link disclosed electronic files purporting to represent an undated version of Plaintiff's Internet website (the "Electronic Website Files"). [Email and Electronic Website Files Index, ECF No. 130-1].

4.     On September 27, 2017, Plaintiff filed his Amended Disclosures. Document disclosure no. 1 was the same as in the Initial Disclosures, and no additional documents or materials were furnished. [ECF No. 36 at 2]

5.     On June 6, 2019, Plaintiff served his Second Amended Disclosures. Document disclosure no. 1 was the same as in the Initial and Amended Disclosures, and no additional documents or materials were furnished. [Second Am. Disclosures, ECF No. 130-2].

*ii)     Response to Request for Production*

6.     On June 21, 2017, Defendant requested that Plaintiff produce: "A complete copy of the deposit material(s) and any exemplars submitted to the U.S. Copyright Office in connection

with the Registration." Plaintiff responded, "Responsive Documents will be produced." [Response to Request for Production, ECF No. 130-3, no. 2]

7. Defendant also requested that Plaintiff produce: "All correspondence, refusals to register, and other documents between you and the U.S. Copyright Office in connection with the Registration." Plaintiff responded, "None." [*Id*., no. 3].

### iii) *Deposition*

8. Asked at deposition, "Do you remember there being any communications with the Copyright Office?", Plaintiff responded, "No." [Deposition, ECF No. 130-4, at 63:5-7].

9. Asked again at deposition, "[Y]ou don't recall whether you had any communications with anyone from the Copyright Office back when you filed this in 2005, correct?", Plaintiff responded, "I don't have any recollection…it sounds like I may have spoken to someone." [*Id*. at 64:4-10].

### iv) *Spagnuolo Subpoena*

10. In August 2017, Defendant subpoenaed Carl Spagnuolo, Esq., who represents Plaintiff in pursuing alleged copyright infringements, requesting, "A complete copy of the deposit material(s) and any exemplars submitted to the U.S. Copyright Office in connection with the Registration." [Subpoena, ECF No. 130-5, no. 1].

11. Mr. Spagnuolo responded: "I didn't file the original copyright, therefore the only thing I can obtain, is exactly what you can obtain from the copyright office. Even then, because I did not file the copyright appln I cannot attest to whether the copy available from the Copyright Office accurately reflects what Dr. Pohl originally sent in with his application." [Email, ECF No. 130-6]

7

12. The subpoena also requested: "All correspondence, refusals to register, and other documents between Plaintiff and the U.S. Copyright Office in connection with the Registration." [ECF No. 130-5, no. 2]

13. Mr. Spagnuolo responded, "Same answer as #1 above." [Email, ECF No. 130-6]

14. The subpoena also requested, "Correspondence between Bill Hollimon, Esq. and Carl Spagnuolo, Esq. concerning the Registration, Supplemental Registration, the Work identified therein, or Mitchell A. Pohl. [ECF No. 130-5, no. 9].

15. Mr. Spagnuolo responded, "Work Product. Object to providing." [ECF No. 130-6]

*v) Trial Exhibit Lists*

16. Plaintiff's Trial Exhibit List furnished on August 22, 2019 did not identify any copyright deposit materials. [Plaintiff's Trial Exhibit List, ECF No. 130-7].

17. Plaintiff's Amended Trial Exhibit List filed on September 27, 2019 identified, with respect to deposit materials: "Exhibit 18: Dr. Pohl's website deposit materials." Defendant objected based on authenticity. [ECF No. 114-1]

18. Exhibit 18 in the dropbox sent with Plaintiff's Amended Trial Exhibits was the Electronic Website Files produced with Plaintiff's Initial Disclosures. [ECF No. 130-1]

19. On September 30, 2019, Defendant filed its Request for Expedited Hearing re. Case-Dispositive Matter on the ground that the Copyright Office had reported that the deposit materials could not be identified on the disk submitted with Plaintiff's copyright application. [ECF No. 116]

20. On October 1, 2019, Plaintiff filed his Second Amended Exhibit List [ECF No. 118-1] identifying for the first time in this litigation the following additional exhibits:

> **Exhibit 27**: CD-ROM TX-6-210-837 "EXACT COPY OF DEPOSIT MATERIALS" dated 2005 containing deposit materials identified at Plaintiff's Trial Exhibit 18.
>
> **Exhibit 28**: Certified Ribbon copy of deposit materials for TX 6-210-837 dated 1/31/2013
>
> **Exhibit 29**: Certified Ribbon copy of copyright office correspondence dated 1/31/2013

21. Two of these exhibits are dated January 2013. Yet *none of the foregoing Exhibits 27, 28, or 29 were ever previously disclosed* or provided to Defendant in this litigation.

22. The materials identified in Exhibits 28 and 29 should have been furnished with Plaintiff's Initial Disclosures, Amended Disclosures, Second Amended Disclosures, Initial Trial Exhibit List, and Amended Trial Exhibit List. They were not.

23. The materials identified in Exhibit 29 are purportedly ribbon sealed emails between Plaintiff and the Copyright Office dated December 6, 2005 wherein Plaintiff elected to register only the 2000 version of his website. They are responsive to Request for Production no. 3 and deposition questions on pages 63 and 64, quoted above.

24. On October 1, 2019, Plaintiff filed his Memorandum in Opposition to Request for Expedited Hearing. [ECF No. 119]. In addition to the above-referenced Exhibits 27-29, Plaintiff disclosed, *for the first time in this litigation*, a letter from Mr. Spagnuolo to Mr. Hollimon dated June 10, 2013 (the "Spagnuolo Letter"). [ECF No. 119-1]. The Spagnuolo letter states, "Enclosed please find the original certified copies of all deposit materials as obtained from the U.S. Copyright Office with respect to U.S. Copyright Registration TX 6-210-837."

25. The Spagnuolo Letter should have been produced with Plaintiff's Initial Disclosures, Amended Disclosures, and Second Amended Disclosures. It was not.

26. The Spagnuolo Letter should have also been produced in response to no. 9 of the Spagnuolo Subpoena, which requested all correspondence between Mr. Spagnuolo and Mr. Hollimon concerning the Registration, the Work, or Plaintiff.  It was not.  Instead, Plaintiff's attorney asserted the Work Product objection.

**B.**   Plaintiff's Lack of Possession and Knowledge Concerning the Deposit Materials

27. At his deposition, Plaintiff testified that he did not, himself, download his website onto a disk to send to the U.S. Copyright Office and that with respect to who did so, "any answer would be speculative." [ECF No. 130-4, at 56:23-57:14].

28. Plaintiff further admitted that he does not know which version of his website was downloaded onto a disk and submitted to the Copyright Office. [*Id*. at 57:15-58:7].

29. Plaintiff testified that he does not know whether he has a copy of the deposit materials submitted with the application.  [*Id*. at 68:17-19].

**C.**   October 2019 Certified Materials from Copyright Office

30. In June 2019, after this case was remanded by the appellate court, Defendant sought from the U.S. Copyright Office a certified copy of the deposit materials submitted with Plaintiff's Registration.  [ECF No. 116-2].

31. After the expiration of the 8-10 week processing period, Defendant contacted the Copyright Office by phone and learned from the Specialist that the delay in responding to Defendant's request was caused by having to assess the compact disc upon which the work was allegedly submitted, which did not appear to contain Plaintiff's website. [*Id*. at ¶ 7].

32. On October 7, 2019, Defendant finally received certified materials from the Copyright Office.  [October 2019 Certified Materials from Copyright Office, ECF No. 130-8].

The Copyright Office certified that the compact disc is damaged and the Office is unable to open, review, or reproduce the files contained on the disc.[4]

33.     The Copyright Office further certified the front and back of the disc, as well as "text material deposited with the registration." Notably, while the printed material contains before and after photos, it does not contain the ones at issue in this case. [ECF No. 130-8 at 7-20]

34.     The Copyright Office also certified two emails it had with Plaintiff dated December 6, 2005 concerning Plaintiff's decision to copyright only the 2000 version of his website and not the 2005 version. [ECF No. 130-8 at 2, 3].

### V.     LEGAL ARGUMENT

**A.     Plaintiff's Before/After Photos Were Not Copyrighted.**

As the Court recognized in the Order Denying Plaintiff's Motion for Voluntary Dismissal, ECF No. 139, in email correspondence between the Copyright Office and Plaintiff, the Copyright Office gave Plaintiff the option to register either the 2005 version of his website or the 2000 version of his website. ECF No. 130-8, at 2. If Plaintiff desired to register the 2005 version, the Copyright examiner offered to amend the dates in section 3(a) and 3(b) of the registration to the year 2005. ECF No. 130-8, at 2. The examiner further notified Plaintiff that he could offer the 2005 version as evidence to support his request to register the 2000 version. ECF No. 130-8, at 2. Specifically, the examiner instructed Plaintiff that if he desired "special relief" to register the 2000 version of his website, he should notify the Office "how much material from the [2000] version is present in the 2005 version (for instance, 100%, 95%, 85%, depending on the situation." *Id*.

---

[4] The certified copies received on October 7, 2019 are signed by Jarletta Walls, Supervisory Copyright Specialist, and not Ms. Dale Dupree, who was processing Defendant's request and had previously reported to Defendant that the disc was blank.

In response, Plaintiff elected to register the 2000 version of his website instead of the 2005 version. ECF No. 130-8, at 3. Specifically, he represented to the Copyright Office, "I am requesting special relief because 85% of text and photos were in the original version published back November 2000." *Id*.

It is now clear from these previously concealed December 6, 2005 emails with the Copyright Office that Plaintiff categorically intended to register the 2000 version of his website.[5] It is undisputed that the subject before/after photos were taken in 2004 and therefore could not have appeared on the 2000 version of Plaintiff's website. To put it into the context of Plaintiff's email with the Copyright Office, the subject images were most definitely not a part of the 85% of the "text and photos" in the original version of the website published in November 2000.[6] Therefore, the subject images were never copyrighted and Defendant is entitled to judgment as a matter of law.

### B.     Plaintiff Cannot Prove Ownership of a Valid Copyright

In addition to the fact that the subject images were never copyrighted, Plaintiff cannot prove ownership of a valid copyright.

The elements of copyright infringement are ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). In order to prove that a copyright is valid, a plaintiff must prove that the work is original and that he complied with applicable statutory formalities for copyrights.

---

[5] It is likely that at that time, back in 2005, Plaintiff considered this a benefit to him. By registering the 2000 version instead of the 2005 version, Plaintiff likely believed that he was gaining an extra five years of copyright protection.

[6] The photos had to have instead been part of the 15% of the content allegedly added between 2000 and 2005 and were never therefore included in the 2000 registration at issue in this case.

*Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999); *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996) ("a plaintiff must prove that the work ... is original and that the plaintiff complied with applicable statutory formalities"). A copyright registrant is required under 17 U.S.C. § 408(b) to deposit with the Copyright Office two complete copies of the best edition of a published work with a registration application. *St. Luke's Cataract & Laser Institute, PA v. Sanderson*, 573 F.3d 1186, 1210 n.8 (11th Cir. 2009).

In *Geoscan, Inc. v. Geotrace Techs, Inc.*, 226 F.3d 387, 393 (5th Cir. 2000), cited by the Eleventh Circuit Court of Appeal in *St. Luke's Cataract*, *supra*, the court granted summary judgment in favor of the defendant where the deposits made by the plaintiff were incomplete because they failed to include two complete copies of each software program plaintiff sought to register. *Id.* at 393. The court reasoned:

> In order to obtain a valid copyright registration for a published work, the applicant must submit two complete copies of the work. 17 U.S.C. § 408(b)….We have not (in previous cases) addressed the consequences to the status of a copyright registration when a copyright applicant submits an incomplete or inadequate application, fee, or deposit….Thus, we hold that at the time of the filing of this suit in July 1998, although Scan had filed an application, paid a fee, and made a deposit with the Copyright Office, the deposit was not a complete copy of the original source code, thus Scan had not fulfilled all the statutory formalities necessary to register its copyright and have "ownership" in its software for the purposes of a copyright infringement claim. The district court properly granted summary judgment to Trace on Scan's copyright claims.

*Geoscan, supra,* at 393. *See Alicea v. Machete Music*, 744 F.3d 773, 779-80 (1st Cir. 2014) (affirming summary judgment for defendant where "[m]ore than two years after filing suit, the plaintiffs still had not established that their applications to the Copyright Office were complete; by their own admissions, the adequacy of the deposited recordings remained an open question").

In this case, it is undisputed that Plaintiff did not, himself, download his website onto a disk to send to the U.S. Copyright Office and that with respect to who did so, "any answer would be speculative." [Facts, ¶ 27]. It is also undisputed that Plaintiff does not know which version of his website was downloaded onto a disk and submitted to the Copyright Office. [Facts, ¶ 28]. Plaintiff does not even know whether he has a copy of the deposit materials submitted with the Registration. [Facts, ¶ 29]. And the Copyright Office cannot confirm the content of the disk Plaintiff submitted. [ECF No. 130-8 at 4]. Therefore, in addition to the fact that the subject images were never copyrighted, Plaintiff cannot, as a matter of law, prove compliance with 17 U.S.C. § 408(b) or that he owns a valid copyright.

Nor can he prove compliance with 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Dowbenko v. Google Inc.,* 582 Fed. Appx. 801, 805 (11th Cir. 2014) ("The Supreme Court recently clarified that, although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to 'a precondition to filing a claim.'"); *Davis v. Tampa Bay Arena, Ltd.,* No. 8:12–CV–60–T–30MAP, 2012 WL 2116136, at *3 (M.D. Fla. June 11, 2012); *Watson v. K2 Design Group, Inc*., No. 15-CV-61020, 2015 WL 4720797, at *3 (S.D. Fla. Aug. 7, 2015) ("the explicit language of § 411(a) provides a statutory bar to suit which requires a plaintiff to first obtain registration for the work at issue prior to initiating suit.").

In sum, in addition to never having copyrighted the subject images, Plaintiff has no evidence proving what, if anything, he deposited with his copyright application. Plaintiff therefore has not, as a matter of law, established compliance with 17 U.S.C. § 408(b) or 411(a), validity of

his copyright, and, accordingly, infringement of the asserted photos. Summary judgment should be entered in Defendant's favor on this basis as well. *St. Luke's Cataract, supra; Geoscan, supra*.

**C.     There is no Evidence the Subject Images Appeared on any Dentist Websites Other than Miller, Cetel, and Jolley**

Plaintiff alleges that the subject before/after photos appeared on six dentist websites (Miller, Cetel, Jolley, Oliva, Houlihan, and Tanaka) allegedly developed by Defendant. However, Plaintiff has presented evidence (challenged by Defendant on numerous grounds) of only three websites on which he claims the images appeared, namely, Miller, Cetel, and Jolley, as appearing in Plaintiff's Trial Exhibits 12-14. *See* ECF No. 118-1. Plaintiff's exhibits bearing what he contends are reproductions of the images on the Oliva, Houlihan, and Tanaka websites have been stricken. *See* Order in Limine, ECF No. 129, p. 19. Therefore, in addition to the fact that the subject images were never copyrighted and Plaintiff has never established ownership of a valid copyright, summary judgment should be entered in favor of Defendant as to Plaintiff's claim of infringement relating to any websites other than Miller, Cetel, and Jolley.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests entry of summary judgment in its favor.

**WORD LIMIT CERTIFICATION**

Pursuant to Local Rule 7.1(F), the undersigned counsel for Defendant certifies that this Motion contains 4430 words according to the word-processing system used to prepare this document.

DATED on this 7th day of January, 2020.

> By: /s/ Matthew S. Nelles
> Matthew S. Nelles
> Florida Bar No. 009245
> mnelles@nklawflorida.com
> E. Adriana Kostencki
> Florida Bar No. 84507
> akostencki@nklawflorida.com
> NELLES KOSTENCKI, PLLC
> Corporate Center
> 110 East Broward Blvd.
> Suite 670
> Fort Lauderdale, Florida 33301
> *Counsel for Defendant MH SUB I, LLC d/b/a/ OFFICITE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

> By: /s/ Adriana Kostencki
> Adriana Kostencki

## SERVICE LIST

**Case No. 4:17-cv-00181**

William H. Hollimon
Hollimon P.A.
118 N. Gadsden Street
Tallahassee, FL 32301
bill@hollimonpa.com
*Attorneys for Plaintiff Mitchell A. Pohl*

Joel B. Rothman
Schneider Rothman IP Law Group
4651 N Federal Hwy
Boca Raton, FL 33431
561-404-4350
Fax: 561-404-4353
Email: joel.rothman@sriplaw.com

Martin B. Sipple
Ausley & McMullen
123 S Calhoun St.
Tallahassee, FL 32301
850-224-9115
Fax: 850-222-7560
Email: msipple@ausley.com