IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL A. POHL, D.D.S.,**

    *Plaintiff,*

v.                                                                  CASE NO.:  4:17cv181-MW/MAF

**MH SUB I, LLC,**
**d/b/a Officite,**

    *Defendant.*

_____/

**ORDER DENYING DEFENDANT'S SECOND RENEWED
MOTION FOR SUMMARY JUDGMENT**

This Court has considered, without hearing, Defendant's Second Renewed Motion for Summary Judgment, ECF No. 144, Plaintiff's Response, ECF No. 146, Defendant's Reply, ECF No. 147, and all related exhibits. Defendant seeks summary judgment on three grounds. First, Defendant seeks partial summary judgment for infringement as it relates to the websites for which Defendant has produced no physical evidence. Second, Defendant argues that Plaintiff cannot prove ownership of a valid copyright registration. Finally, Defendant contends that Plaintiff's before-and-after photograph at issue was never copyrighted. For the following reasons, Defendant's motion is **DENIED**.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriately granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts are "material" with respect to the substantive law if they form disputes that are not "irrelevant or unnecessary" and have the potential to "affect the outcome of the suit." *Id.* A nonmoving party's failure to provide sufficient evidence of an element for which it bears the burden of proof at trial mandates the entry of summary judgment for the moving party, "since a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). As it must, this Court accepts the facts in the light most favorable to the nonmovant, *see Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).[1]

---

[1] This Court does not reiterate the facts underlying the lawsuit in this Order. The cases procedural posture and the relevant facts are fully summarized in ECF Nos. 61 and 139.

## INFRINGEMENT

Defendant contends that partial summary judgment should be entered for Plaintiff's claim of infringement relating to any websites other than Miller, Cetel, and Jolley. ECF No. 144, at 15. Plaintiff's affidavit precludes summary judgment. Specifically, Plaintiff testified that he performed a Google image search of the before-and-after photographs and discovered the photographs on seven different websites. ECF No. 40-1, ¶¶ 21–22. Moreover, while this Court struck some of the website screenshots for lack of authentication, it allowed Plaintiff to authenticate the screenshots during the trial. ECF No. 129, at 19. For these reasons, Defendant's motion for partial summary judgment as to infringement is denied.

## OWNERSHIP OF A VALID COPYRIGHT

Defendant next argues that Plaintiff cannot prove ownership of a valid copyright because he does not know which version of his website was downloaded on a disc and submitted to the copyright office (ECF No. 32-1, at 10–11), he does not know whether he has a copy of the deposit material submitted with the registration (ECF No. 130-4, at 7), and the Copyright Office cannot confirm the content of the deposit disc Plaintiff submitted (ECF No. 130-8, at 4 ("[T]he compact disc deposited with the registration is damaged. Although the work is registered, we are unable to open, review or reproduce the files contained on the compact disc.")). However, "[a] certificate of registration 'constitute[s] prima facie evidence of the

3

validity of the copyright and of the facts stated in the certificate.' " *Pohl v. MH Sub I LLC*, 770 F. App'x 482, 486 (11th Cir. 2019) (citing 17 U.S.C. § 410(c)). And "[o]nce a plaintiff produces a certificate of registration, the burden shifts to the defendant to establish that the work in which the copyright is claimed is unprotectable (for lack of originality)." *Id.* In this case, a certificate of registration is issued, ECF No. 49-3, at 2, and the Eleventh Circuit has stated that originality is an issue for the jury. Summary judgment is, therefore, inappropriate on the issue of ownership of a valid copyright.

## WORK COPYRIGHTED

Before defining the issue, it is important to discuss what is *not* at issue in this motion. The issue is not whether Plaintiff owns *a* valid copyright. As discussed above, he does. Additionally, Defendant does not seek to invalidate Plaintiff's copyright due to fraud on the Copyright Office. Therefore, the line of cases that require scienter for invalidating a copyright are inapplicable here. *See, e.g.*, *Roberts v. Gordy*, 877 F.3d 1024, 1030 (11th Cir. 2017) ("[I]n order to invalidate a registration, (1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment."); *see also Eleventh Circuit Pattern Jury Instruction* § 9.8 (2020). Instead, Defendant argues that Plaintiff registered the 2000 version of his

website,[2] which did not—and could not— include the before-and-after photograph at issue in this litigation, and not the 2005 version of his website, which could include the before-and-after photograph.[3] The issue is what Plaintiff registered with the Copyright Office, i.e., what was copyrighted?

Plaintiff insists that he intended to copyright the 2005 version of his website. ECF No. 145-1, ¶ 6. But, "the copyright act imposes no intent requirement." *Gallup, Inc. v. Kenexa Corp.*, 149 F. App'x 94, 95 (3d Cir. 2005).[4] It does not matter what Plaintiff intended to register because "such a requirement would be inconsistent with the formalistic nature of the registration process . . . ." *Id.* (citations omitted). Plaintiff cites no authority, and this Court did not find any, for the proposition that it is Plaintiff's intention—rather than the copyright registration—that determines the scope of the copyright.

---

[2] An argument supported by the copyright registration. ECF No. 49-3.

[3] It is unclear whether the before-and-after photograph was included in the 2005 version of the website that was deposited with the Copyright Office. In response to Defendant's request, the Copyright Office furnished Defendant with certified materials related to the copyright at issue. ECF No. 130-8. The Copyright Office certified that the compact disc deposited was damaged, and the information contained in it was irretrievable. ECF No. 130-8, at 4. The Copyright Office further attached a "true representation of the front of the compact disc and the front of the compact disc cover and text material deposited with this registration." ECF No. 130-8, at 4. While the printed material contains before-and-after photographs, it does not contain the one at issue in this case. This Court will, therefore, submit a special interrogatory to the jury on this question.

[4] There is an exception to this rule. *See* 17 U.S.C. § 411 (requiring scienter to invalidate a copyright registration).

Further, contrary to Plaintiff's argument, this Court did not hold that the deposit materials *always* determine the scope of the registration. Context matters. After this Court issued its Summary Judgment Order, ECF No. 61, additional facts came to light that necessitated the renewed motion for summary judgment. Specifically, the email exchange between Plaintiff and the Copyright Office, where Plaintiff chose a "special relief" that allowed him to deposit the 2005 version of his website while registering the 2000 version—a relief that was granted. ECF No. 130-8, at 3; *see also* ECF No. 49-3, at 3 ("Special relief granted under 37 C.F.R. 202.20(d)").

While an extremely close call, there remains a genuine issue of material fact underlying the legal question whether Plaintiff copyrighted the 2000 version or the 2005 version of the website. To resolve this issue, this Court will submit a special interrogatory to the jury to determine which version of the website was copyrighted.[5]

---

[5] If Defendant loses at trial, he may be on the hook for attorneys' fees pursuant to 17 U.S.C. § 505 ("Except as otherwise provided by this title, the court may also award a reasonable attorney's fees to the prevailing party as part of the costs."). Moreover, Defendant will be placed under oath subject to penalties of perjury.

## CONCLUSION

Defendant's motion for summary judgment, ECF No. 144, is **DENIED**. The Clerk shall set a trial on an expedited basis in September or October.

**SO ORDERED on May 26, 2020.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
