IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL A. POHL, D.D.S. an individual,

    Plaintiff,                                            Case No.: 4:17-cv-00181

v.

MH SUB I, LLC d/b/a/ OFFICITE an Illinois
Limited Liability Company

    Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER DENYING**
**SECOND RENEWED MOTION FOR SUMMARY JUDGMENT**

Defendant, MH SUB I, LLC d/b/a OFFICITE, files this Reply to Plaintiff's Response in Opposition [ECF No. 156] to Defendant's Motion for Reconsideration of Order Denying Motion for Summary Judgment [ECF No. 152] and states:[1]

1. **Plaintiff's self-proclaimed "mistakes" and "errors" in connection with registering his copyright admit that he copyrighted the 2000 version of his website**.

In its Order seeking Plaintiff's response to the Motion for Reconsideration, the Court asked Plaintiff whether he disputes that he copyrighted the 2000 version of his website. Plaintiff answered in the affirmative. Yet in the very next breath, Plaintiff explains that he: a) "made several *errors* in his communications with the Copyright Office inconsistent with his intent and his

---

[1] Contrary to Plaintiff's contention, Local Rule 7.1(B) does not apply to the Motion for Reconsideration because it is a "motion that would determine the outcome of the case" under Rule 7.1(D).

-1-

deposit;" b) "included *incorrect* dates of creation and first publication on the copyright application;" and c) "made a *mistake* in responding to the copyright examiner's email." [Response, pp. 4-5]. However, Plaintiff's present claim of "errors" and "mistakes" can only exist by definition if ***he did in fact copyright the 2000 version*** of his website. There would be no reason to argue he made mistakes and errors if Plaintiff actually registered the 2005 version, as he now asserts. Therefore, Plaintiff's answer in the affirmative to the Court's first question is illogical, and ultimately demonstrates his inability to thread a coherent argument as he reactively attempts to rewrite the record.

Moreover, Plaintiff's only basis for answering the Court's question in the affirmative (that he disputes he copyrighted the 2000 version of his website) is that he "intended" to register the 2005 version. *See* Plaintiff's February 5, 2020 Declaration, D.E. 145-1, cited in section 2(a) of his Response, at ¶ 6 ("My *intent* in seeking copyright registration was always to cover all of the photographs published on my website;" "[a]lthough the representations I made to the copyright office may have been inconsistent, the *intent* of these representations were made in good faith").

Putting the two together, Plaintiff's affirmative answer to the Court's first question is categorically false. In fact, what Plaintiff is arguing, very plainly, is this: "I copyrighted the 2000 version of my website. But it was all a big mistake because I intended to copyright the 2005 version of my website. So please relieve me now of my mistake." The falsity of Plaintiff's answer to the Court's first question is critical to this case: it is undisputed that Plaintiff copyrighted the 2000 version of his website and that question cannot be submitted to the jury.

2. **Plaintiff's "intent" to register the 2005 version of his website is completely irrelevant.**

Plaintiff's answer to the Court's second question is also incorrect; contrary to his denial, Plaintiff is very much relying heavily on his "intent" to have registered the 2005 version of his

website to save his claim. *See* previous section; ECF No. 156 at 2, "applicant's intent is subsumed within this totality of circumstances."  His incorrect answer is understandable – the Court has already determined that Plaintiff's intent is completely irrelevant:

> Plaintiff insists that he intended to copyright the 2005 version of his website. ECF No. 145-1, ¶ 6. But, "the copyright act imposes no intent requirement." *Gallup, Inc. v. Kenexa Corp.*, 149 F. App'x 94, 95 (3d Cir. 2005).4 It does not matter what Plaintiff intended to register because "such a requirement would be inconsistent with the formalistic nature of the registration process . . . ." *Id.* (citations omitted). Plaintiff cites no authority, and this Court did not find any, for the proposition that it is Plaintiff's intention—rather than the copyright registration—that determines the scope of the copyright.

ECF No. 151 at 5.  Plaintiff's entire basis for disputing that he registered the 2000 version of his website (the first question asked by the Court) is his intent to have registered the 2005 version. Because that intent is irrelevant, Plaintiff's attempt to dispute that he registered the 2000 version is untenable.

This case exemplifies why a copyright applicant's intent can never be relevant.  Through communications with the Copyright Office in 2005, Plaintiff knowingly and deliberately elected to copyright the 2000 version of his website.  He did so in order to capture, retroactively, five additional years of protection.  Having put the world on notice 15 years ago that he was copyrighting the 2000 version of his website, he cannot now "give back" those additional 5 years of protection.  Documents and contemporaneous decisions matter.  Not self-serving proclamations of intent 15 years later.  Otherwise, Plaintiff would be able to continuously change his story to fit the facts of a particular case.  What would stop Plaintiff from later declaring, against someone else he accuses, that he really intended, through "special relief" in 2005, to copyright the 2010 version, or the 2015 version?   Plaintiff's entire argument, premised exclusively on his intent, fails as a matter of law.

3.    **<u>Even if Plaintiff's intent had any bearing on this case, which it does not, no reasonable jury could believe Plaintiff's contention that he "intended" to register the 2005 version of his website.</u>**

As a general rule, the Court may not weigh conflicting evidence when considering a motion for summary judgment. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "[A party's] version of events can be blatantly contradicted by videotapes or other overwhelming physical evidence and testimony." *Hall v. Bennett*, 447 F. App'x 921, 923 (11th Cir. 2011); *see also Scott*, 550 U.S. at 380 (concluding that summary judgment was appropriate where video evidence "utterly discredited" the plaintiff's version of events); *Johnson v. Niehus*, 491 F. App'x 945 (11th Cir. 2012) (concluding that summary judgment was appropriate where physical evidence contradicted the plaintiff's testimony); *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249 (11th Cir. 2004) (concluding that summary judgment was appropriate where multiple affidavits and photographic evidence contradicted the testimony of a single eyewitness who had previously given a different account of events).

Plaintiff's 2005 email exchange with the Copyright Office included an unequivocal directive requesting to copyright the 2000 version of his website: "I am requesting special relief because 85% of text and photos were in the original version published back November 2000." ECF No. 130-8, at 3. In other words, in clear and unequivocal language, Plaintiff expressly decided to register the 2000 version of his website and any statement that he did not understand what he was doing or was confused is so "blatantly contradicted" by the contemporaneous email evidence that "no reasonable jury could believe it." *See Scott, supra*. Stated differently, the emails, which very

clearly reflect that Plaintiff knew in 2005 exactly what he was electing to copyright, "utterly discredit" Plaintiff's declaration of mistake submitted 15 years later. *See Hall, supra*.

4. **Plaintiff is not entitled to a reprieve from the latest in his litany of self-proclaimed "mistakes" and "errors."**

This case has been riddled with Plaintiff's pleas to be released from his errors and mistakes:

(1) Plaintiff claims he made a mistake when he informed the Copyright Office on the copyright application form itself that he created and first published the website in 2000; [ECF No. 156 at 5]

(2) Plaintiff claims he made a mistake when he testified under oath in deposition in this case that he did not have any communications with the Copyright Office in connection with that copyright application; [ECF No. 133-1 at 3; ECF No. 139 at 4]

(3) Plaintiff claims he made another mistake by registering his entire "website" for copyright rather than just the photographs, as evidenced by his 2014 Form CA Supplementary Registration in which he stated: [ECF No. 49-6 at 3]

> Explanation of Correction ▼
> Author is a non-attorney. Author intended to claim only photograghs. Communications with Examiner further confused author resulting in the addition of word "WEBSITE", which may have been added by Examiner.

(4) Plaintiff now claims he made another mistake when he elected "special relief" in communications with the Copyright Office concerning the registration at issue in this case.

As the Court can plainly see, every time Plaintiff is confronted with a dispositive legal challenge to his copyright infringement claim, he argues "mistake," "error," or "that was not my intent." These self-serving pleas for mercy have run their course. Particularly in light of Plaintiff's false affirmation to the Court's initial question, discussed above, the Court should conclude, with

finality, that "enough is enough." Plaintiff did, in fact, copyright the 2000 version of his website, he does not deserve another reprieve, the subject 2004 photos did not appear in that version of his website, and summary judgment is finally due to be granted in favor of Defendant.

### 5. *Gallup*'s "discrepancy" scenarios do not apply to this case because Plaintiff cured any supposed discrepancy by electing "special relief."

Plaintiff relies on *Gallup* to resolve what he categorizes as a "discrepancy" between representations made in the copyright application and what was submitted as the deposit materials. According to Plaintiff, because he seeks to enforce a copyright in the 2005 version of his website, which is the version he claims to have deposited with his application, representations he made in the copyright application claiming creation and publication in 2000 do not limit the scope of his copyright. Plaintiff's reasoning is incorrect.

What is critical to understand is that Plaintiff did not just claim the 2000 version of his website in the copyright application. If that was the only "misrepresentation," then *Gallup* might control and his analysis might be sufficient to at least overcome summary judgment. It was not.

Instead, and what Plaintiff avoids in his Response, is that after the Copyright Office brought this supposed discrepancy between the application and the deposit materials to his attention, Plaintiff expressly elected "special relief," i.e. to deposit the 2005 version of his website, but to only claim the 2000 version. By doing so, Plaintiff "cured" the discrepancy between the application and the deposit materials. *Gallup* and the line of cases it cites, which involve unresolved inconsistencies between the application and the deposit material, simply does not apply to this case.

### 6. Even if *Gallup* did apply, this case is akin to the first, and not the second, scenario.

Plaintiff argues essentially that alleged "errors" in his emails with the Copyright Office should be considered as errors in his application. He then posits that because the deposit material, and not misrepresentations in the application/emails, defines the scope of his copyright, he should be entitled to proceed with his claim. Plaintiff relies upon the wrong *Gallup* scenario and his argument therefore misses the mark.

The first scenario described in *Gallup* is where "the plaintiff was trying to enforce a copyright in work X but had deposited a copy of work Y." In those cases, the courts held "that the plaintiff's registration could not support an infringement action because the work deposited was not a 'bona fide' copy of the work in which the copyright was claimed." 149 Fed. Appx. at 95. This is exactly the scenario in this case.

Specifically, the Copyright Office "notified Plaintiff that he could offer the 2005 version as evidence to support his request to register the 2000 version." Order Denying Motion for Voluntary Dismissal, ECF No. 139 at 3 (citing ECF No. 130-8 at 2). In response, Plaintiff "elected to register the 2000 version of his website instead of the 2005 version." *Id.* (citing ECF No. 130-8, at 3). By claiming "special relief," Plaintiff effectively deposited **the 2000 version** of his website. Because Plaintiff is now trying to enforce a copyright in the 2005 version of his website, which is a different version than what he effectively deposited, his copyright claim fails as a matter of law. *See Coles, Geoscan* and *Kodadek*, cited in *Gallup*.

WHEREFORE, the Court should grant reconsideration of its Order Denying Defendant's Second Motion for Summary Judgment and enter summary judgment in favor of Defendant.

I hereby certify in accordance with Local Rule 7.1(F) that this Reply contains 2073 words.

DATED on this 26th day of June, 2020.

By: /s/ *Matthew S. Nelles*
Matthew S. Nelles
Florida Bar No. 009245
mnelles@nklawflorida.com
E. Adriana Kostencki
Florida Bar No. 84507
akostencki@nklawflorida.com
NELLES KOSTENCKI, PLLC
Corporate Center
110 East Broward Blvd., Suite 670
Fort Lauderdale, Florida 33301
*Counsel for Defendant MH SUB I, LLC d/b/a/ OFFICITE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Matthew S. Nelles*
Matthew S. Nelles

**SERVICE LIST**
**Case No. 4:17-cv-00181**

William H. Hollimon
Hollimon P.A.
118 N. Gadsden Street
Tallahassee, FL 32301
bill@hollimonpa.com
*Attorneys for Plaintiff Mitchell A. Pohl*

Joel B. Rothman
Schneider Rothman IP Law Group
4651 N Federal Hwy
Boca Raton, FL 33431
561-404-4350 ; Fax: 561-404-4353
Email: joel.rothman@sriplaw.com

Martin B. Sipple
Ausley & McMullen
123 S Calhoun St.
Tallahassee, FL 32301
850-224-9115
Fax: 850-222-7560
Email: msipple@ausley.com

-9-