UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MITCHELL A. POHL, D.D.S.,
an individual,

  Plaintiff,       Case No.: 4:17-cv-00181-MW-CAS

v.

MH SUB I, LLC d/b/a/ OFFICITE,
an Illinois Limited Liability Company,

  Defendant.

_____/

**MH SUB I, LLC d/b/a OFFICITE'S, PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM**

  Defendant, MH SUB I, LLC d/b/a OFFICITE ("**Defendant**"), respectfully submits its proposed jury instructions and proposed verdict form. The citations and authority given below are for the reference of the Court only, and are not intended to be part of the charge.

**I.  PRELIMINARY INSTRUCTIONS**

**MH SUB I, LLC d/b/a OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.1: GENERAL PRELIMINARY INSTRUCTION**

Members of the Jury:

  Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it

2

is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiff, Mitchell A. Pohl, claims that Defendant, MH Sub I, LLC d/b/a/ Officite, infringed his copyright by copying before and after photos that appeared on his website. Officite denies that Plaintiff's before and after photos are sufficiently creative to deserve copyright protection, denies that Plaintiff owns a valid copyright, denies infringement, denies that Plaintiff sustained any damage, and affirmatively asserts that Plaintiff is equitably estopped from recovering statutory damages.

Burden of proof:

Pohl has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Pohl must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Pohl and the evidence favoring Officite on opposite sides of balancing scales, Pohl needs to make the scales tip to his side. If Pohl fails to meet this burden, you must find in favor of Officite.

On certain issues, called "affirmative defenses," Officite has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Officite must prove for any affirmative defense. After considering all the evidence, if you decide that

Officite has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very

important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Pohl will present its witnesses and ask them questions. After Pohl questions the witness, Officite may ask the witness questions – this is called "cross-examining" the witness. Then Officite will present its witnesses, and Pohl may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

6

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.1 (modified for this case).

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

WITHDRAWN:       _____

7

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.2:**
**CLEAR AND CONVINCING EVIDENCE**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.2.

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

8

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.4:
## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.4.

GRANTED: _____

8298251-1

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.5:**
**INTERIM STATEMENTS**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.5.

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

11

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.6.1:
## COPYRIGHT

Overview of Copyrights

(Read Before Opening at Court's Discretion)

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as

8298251-1

opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.6.1.

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 1.6.2: COPYRIGHT PRELIMINARY INSTRUCTIONS OVERVIEW OF COPYRIGHTS

Overview of Copyrights

(Read Before Opening at Court's Discretion)

In this case, Pohl claims ownership of a copyright in his website on which he claims appeared before and after photos of his patient, Belinda. Pohl claims that Officite infringed his copyright by reproducing or copying the before and after photos without authorization. Officite has raised numerous defenses to Pohl's claim.

First, Officite denies that it ever copied or reproduced Pohl's photos and will present evidence that it did not copy them.

Second, Officite denies that Pohl even copyrighted these before and after photos.

Third, Officite denies that these before and after photos are even copyrightable because they do not involve even a minimal level of creativity deserving of copyright protection.

Officite asserts other defenses which I will describe later.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 1.6.2 (modified for this case).

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

8298251-1

## II.      PROPOSED INSTRUCTIONS FOR USE DURING TRIAL

### OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.1:
### STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.1.

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

WITHDRAWN:       _____

8298251-1

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.2:**
**USE OF DEPOSITIONS**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.2.

**<u>OFFICITE'S PROPOSED JURY INSTRUCTION 2.2(A):</u>**
**<u>USE OF DECLARATIONS</u>**

A declaration is a witness's sworn testimony under oath that a Party submits to the Court before trial to support its case.  A declaration is just like an affidavit where the witness swears under penalty of perjury that his statements are true and correct.   You must consider a witness's declaration testimony as though he made the statements on the witness stand.


**<u>Authority:</u>** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.2 (modified).

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.4:**
**INTERIM STATEMENTS**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.4.

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.5:
## JUDICIAL NOTICE

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted the content of historical versions of several dentists' websites available on the Wayback Machine Internet Archive as proven because the Wayback Machine is a source whose accuracy cannot reasonably be questioned. You must accept the content of the historical versions of these dentists' websites appearing on the Wayback Machine as true for this case.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.5; Order on Limine, D.E. 129.

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.6:**
**USE OF INTERROGATORIES**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.6.

GRANTED:          _____

DENIED:            _____

MODIFIED:          _____

WITHDRAWN:        _____

20

<u>**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 2.7:**</u>
<u>**IN-TRIAL INSTRUCTIONS ON NEWS COVERAGE**</u>

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 2.7.

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

21

## <u>OFFICITE'S PROPOSED JURY INSTRUCTION:</u>
## <u>BENCH CONFERENCES</u>

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error. Do not consider my granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

I do not wish to cause you any delay, but these conferences are necessary. I apologize for any inconvenience. I will do what I can to limit the number and length of these conferences.

**<u>Authority:</u>** *Federal Jury Practice and Instructions,* Part V, § 102.02 ("Bench Conferences").

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

**III.**     **PROPOSED JURY INSTRUCTIONS AT THE CLOSE OF EVIDENCE**

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.1:**
**INTRODUCTION**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.1.

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

## <u>OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.2.2:</u>
## <u>THE DUTY TO FOLLOW INSTRUCTIONS- CORPORATE PARTY INVOLVED</u>

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**<u>Authority:</u>** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.2.2.

GRANTED:        _____

DENIED:          _____

MODIFIED:      _____

WITHDRAWN:    _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.3:**
**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;**
**ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.3.

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

8298251-1

### OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.4:
### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.5.

GRANTED:  _____

DENIED:  _____

MODIFIED:  _____

WITHDRAWN:  _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.5.1:**
**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.5.1.

GRANTED:         _____

DENIED:         _____

MODIFIED:         _____

WITHDRAWN:         _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.7.1:**
**RESPONSIBILITY FOR PROOF – PLAINTIFF'S CLAIM**
**– PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of Pohl to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If Pohl's proof fails to establish any essential part of his claim or contention by a preponderance of the evidence, you should find against him.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Pohl's claim by a preponderance of the evidence, you should find for Officite as to Pohl's claim.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.7.1. (modified for this case).

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

28

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.7.2:**
**RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE PREPONDERANCE OF**
**THE EVIDENCE**

In this case, Officite asserts the affirmative defenses of laches, unclean hands, failure to mitigate damages, merger doctrine, scenes a faire, and the safe harbor of the DMCA.  Even if Pohl proves his claim by a preponderance of the evidence, Officite can prevail in this case if it proves any of its affirmative defenses by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Officite does not have to disprove Pohl's claim, but if Officite raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.7.2. (modified for this case).

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.8.1:**
**DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.8.1.

GRANTED:                    _____

DENIED:                     _____

MODIFIED:                   _____

WITHDRAWN:                  _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 3.9:**
**ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 3.9.

GRANTED:               _____

DENIED:                _____

MODIFIED:              _____

WITHDRAWN:             _____

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.1:
## COPYRIGHT – VALIDITY – GENERAL CHARGE

To establish infringement, Pohl must prove two things:

First, you must find that Pohl owned a valid copyright for the work over which he is suing.

And second, you must find that Officite copied that work's original components.

I'll begin with instructions on registration and validity and then explain ownership and infringement. After that I'll explain defenses and remedies.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.1 (modified for this case).

GRANTED:              _____

DENIED:              _____

MODIFIED:              _____

WITHDRAWN:              _____

**OFFICITE'S PROPOSED JURY INSTRUCTION:**
**COPYRIGHT – REGISTRATION REQUIREMENT; VERSIONS SEPARATE WORKS**

A lawsuit for copyright infringement can only be brought if the copyright has been registered.  Pohl claims he registered the 2005 version of his website, while Officite claims he registered the 2000 version of his website.  You must decide which version of Pohl's website he registered.  To help you make this determination, I will explain to you how different versions of websites are registered for copyright.

A work is "created" when it is fixed in a copy for the first time.  Where there are different versions of a work, each version constitutes a separate work.

Each new version of a website is considered a separate work for the purposes of copyright registration.  Thus, every time a website is updated with new content, it constitutes a new work for purposes of copyright registration.

**Authority**: 17 U.S.C. § 101; *Pohl v. MH Sub I*, Order Denying Reconsideration, D.E. 164, at 12.

<u>**OFFICITE'S PROPOSED JURY INSTRUCTION:**</u>
<u>**COPYRIGHT – REGISTRATION REQUIREMENT; DEPOSIT MATERIAL;**</u>
<u>**SPECIAL RELIEF**</u>

In order to prove ownership of a valid copyright, a copyright claimant must comply with all requirements of the copyright statute.

Under the copyright statute, in order to obtain a copyright registration, a copyright claimant must deposit two complete copies of the best edition of the work with the Copyright Office. This is called the deposit requirement.

If a copyright claimant is unable to deposit two complete copies of the work he seeks to register, the Copyright Office may in some circumstances grant him special relief from the registration deposit requirement. For example, a copyright claimant may use a current version of his website to register an earlier version of his website. In order to do so, the earlier version cannot be available and the copyright claimant must estimate how much material from the later version also appeared in the earlier version.

The copyright claimant must prove by a preponderance of the evidence that the photos claimed to have been infringed appear in the deposit material. But where a copyright claimant is granted special relief, the deposit material does not determine what is and what is not covered by the copyright registration.

The Copyright Act imposes no intent requirement so it does not matter what a copyright claimant intended or wanted to register. All that matters is what he actually did register.

**Authority**: *Pohl v. MH Sub I*, Order Denying Reconsideration, D.E. 164 at 9; *Gallup, Inc. v. Kenexa Corp.*, 149 F. App'x 94, 95 (3d Cir. 2005); 37 C.F.R. § 202.20(d).

## SPECIAL INTERROGATORIES TO JURY

By a preponderance of the evidence,

1. Do you find that Pohl complied with the requirements of the Copyright Statute to register his website with the Copyright Office?

Answer YES or NO:  _____

If your answer to this question is "No," do not continue with your analysis of Plaintiff's claim for

infringement.


2.  If your answer to question no. 1 is "yes," do you find that Pohl selected special relief to register the 2000 version of his website using the 2005 version of his website?

Answer YES or NO:  _____

If your answer is "yes," do not continue with your analysis of Plaintiff's claim for infringement.


3. If your answer to question no. 1 is "no," do the subject photos appear in the version of his

   website he submitted to the Copyright Office?


Answer YES or NO:  _____

If your answer to question no. 3 is "no," do not continue with your analysis of Plaintiff's claim for

infringement.

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.2:**
**COPYRIGHT – VALIDITY – ORIGINALITY**

To qualify for copyright protection, the claimed work must be original to the author. "Original" means that the author independently created the work – the author didn't copy it from other works – and the work possesses at least a minimal degree of creativity.

Originality, for copyright purposes, is constitutionally required for all works. Originality is an essential requirement for copyright protection. "Original elements" include only original expression, since copyright protection does not extend to ideas, procedures, processes, or systems, regardless of their originality.

A photograph does not possess a minimal degree of creativity where the photographer's personal choices as shown in the photograph—the basis of any originality—are found to be so trivial, predictable, and unthinking that they do not qualify as instances of originality in rendition, timing, subject matter, and the like.

Whether Pohl's before and after photos are sufficiently original to warrant copyright protection is a question of fact for you to decide.

**SPECIAL INTERROGATORIES TO THE JURY**

1.     Do you find by a preponderance of the evidence that the photos at issue are original to Pohl - meaning did he independently create them?

       Answer Yes or No _____

2.     Do you find by a preponderance of the evidence that the photos at issue are creative enough to be copyrighted?

       Answer Yes or No _____

If the answer to either of the foregoing questions is "No," do not continue with your analysis of Plaintiff's claim for infringement

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.2, 9.7 (modified for this case); U.S.C.A. Const. Art. 1, § 8, cl. 8; *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345 (1991); 17 U.S.C. § 102(b); *Palmer v. Braun*, 287 F.3d 1325, 1330 (11th Cir. 2002); *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1409 (11th Cir. 2015); *Montgomery v. Noga*, 168 F.3d 1282, 1289 (11th Cir. 1999); *MH Sub I v. Pohl*, 770 Fed. Appx. 482, 488 (11th Cir. 2019) (quoting Nimmer on Copyright § 2A.08[E][3][b][iii], at 2A-112).

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.6:**
**COPYRIGHT – VALIDITY – REGISTRATION – SUPPLEMENTAL REGISTRATION**

Supplemental registration is available to correct an error or to expand the information given in a copyright registration. Correction is appropriate if information in the basic registration was incorrect when it was made, and the error

is not one that the Copyright Office itself should have recognized. Information contained in a supplemental registration adds to – but doesn't supersede – information contained in the earlier registration. Supplemental registration can be

made only if a basic copyright registration for the same work has already been completed.

The Copyright Office relies on the information in the "Nature of Authorship" space on Registration Form VA as the primary source for defining the registration's scope.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.6

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.7:
## COPYRIGHT – VALIDITY – HOW OBTAINED

Copyright automatically exists in a work the moment it is created. The owner may register the copyright by depositing a copy of the copyrighted work in the Library of Congress's Copyright Office. After determining that the material is copyrightable and that legal and formal requirements have been satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. There's no administrative investigation on the originality or uniqueness of the work or a determination of the claim's validity. A certificate of copyright registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.

So while the existence of a copyright registration may create some presumption that a work is indeed entitled to copyright protection, the fact that a copyright registration has been issued doesn't conclusively establish whether the work is entitled to copyright protection.

In this case, Pohl's copyright isn't entitled to a presumption of validity. He has the burden of establishing by a preponderance of the evidence that he owns a valid copyright.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.7 (modified for this case).

GRANTED:        _____

DENIED:         _____

MODIFIED:       _____

WITHDRAWN:      _____

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.10:
## COPYRIGHT – VALIDITY – IDEAS AND EXPRESSION

Copyright protection doesn't extend to all the elements of a copyrighted work. Elements covered by the copyright protection are called "protected matter," and non-covered elements are "unprotected matter." Because unprotected matter isn't entitled to copyright protection, another author may copy it.

There are various types of unprotected matter. They include:

• a portion of the work that isn't original to the author; and

• an idea, concept, principle, discovery, fact, actual event, process, or

method contained in a work.

In copyright law, it's important to distinguish between the ideas in a work and the author's expression of the ideas. The ideas in a work are unprotected matter. But an idea must be expressed in some way, and the expression or means of expression of an idea is protected matter.

For example, copyright law doesn't protect the idea of a determined captain hunting a giant whale. But copyright law does protect the particular expression of this idea in the book *Moby-Dick*.

Put another way, the author of a work has no exclusive right to the underlying ideas, concepts, principles, discoveries, facts, actual events, processes, or methods contained in a work. But the author's copyright does extend to the means by which those are expressed, described, depicted, implemented, or otherwise communicated in the work.

If you find that Pohl is seeking copyright protection in:

• a portion of a work that isn't original to him; or

• an idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work, you should exclude that material from the protected matter Pohl's copyright infringement claim can be based on.

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find that Pohl is seeking copyright protection in:**

1.  A portion of a work that is not original to him; or

2.  An idea, concept, principle, discovery, fact, actual event, process, or method expressed or described in a work?

Answer Yes or No _____

If your answer to the above question is "Yes," as to any material in which Pohl is claiming copyright protection, you should exclude that material from the material Pohl's copyright infringement claim can be based on.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.10 (modified for this case).

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.11:
## COPYRIGHT– VALIDITY – THE MERGER DOCTRINE

Copyright law provides that an author can usually copy unprotected matter but not copy the manner another author selected for expressing a particular matter. But there's an exception to this prohibition if there's only one way, or only a few ways, of expressing the ideas or other unprotected matter in a work. In such cases, an author may copy the expression in the work to the extent necessary to express the unprotected matter.  Officite claims that this exception applies in this case.

This exception is called the "merger doctrine" because when there is only one way of expressing unprotected matter, the expression is said to have "merged" with the unprotected matter. The merger doctrine can apply to any unprotected matter such as ideas, facts, or events. The doctrine can apply to literal text, such as when facts can be effectively expressed only by using specific words or a limited range of words. The merger doctrine can also apply to non-literal elements of a literary work, such as when it's necessary to recount factual events in the same order as another work to present historical facts accurately and intelligibly.

The merger doctrine also applies to pictorial, graphic, and sculptural works, such as when there are a limited number of ways of representing certain sorts of objects. For example, a sculpture that depicts a mermaid will necessarily have certain similarities to other sculptures of mermaids. It will have a female human's head, arms, and torso, and the tail of a fish. These necessary similarities among sculptures of mermaids can't, under the merger doctrine, be the basis for a finding of infringement because copyright law would then protect the idea of a mermaid.

## SPECIAL INTERROGATORIES TO THE JURY

1.      Do you find that Pohl is seeking copyright protection in matter that may only be expressed

in so few ways that to protect the expression would effectively grant Pohl a monopoly over matter

that isn't protectable by copyright?

Answer Yes or No _____

If your answer to this question is "Yes" for any of the material in which Pohl is claiming copyright

protection, you should exclude that material from the material Pohl's copyright infringement claim

can be based on.


**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.11 (modified for this case); BUC Intern. Corp. v. International Yacht Council Ltd., 489 F.3d 1129, 1142 (11th Cir. 2007).

GRANTED:                _____

DENIED:                  _____

MODIFIED:               _____

WITHDRAWN:            _____

**OFFICITE'S PROPOSED JURY INSTRUCTION:**
**COPYRIGHT– VALIDITY –** *SCENES A FAIRE* **DOCTRINE**

Under the *scenes a faire* doctrine, copyright protection is denied to those expressions that are standard, stock, or common to a particular topic or that necessarily follow from a common theme or setting.

## SPECIAL INTERROGATORIES TO THE JURY

1. Do you find that Pohl is seeking copyright protection in matter that reflects an expression that is standard, stock, or common to a particular topic?

Answer Yes or No _____

2.      Do you find that Pohl is seeking copyright protection in matter that necessarily follows from a common theme or setting?

Answer Yes or No _____

If your answer is "Yes" to any of the above for any of the material in which Pohl is claiming copyright protection, you should exclude that material from the material Pohl's copyright-infringement claim can be based on.

**Authority:** *Liberty Am. Ins. Group, Inc. v. Westpoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1290 (M.D. Fla. 2001).

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

## <u>OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.12:</u>
## <u>COPYRIGHT– OWNERSHIP – GENERAL CHARGE</u>

Now that I've explained validity, we'll move to the issue of ownership.

Pohl must prove ownership of a copyright in his website by a preponderance of the evidence. Pohl can prove ownership by evidence showing that he:

• is an author (or creator) of the work [and didn't transfer to another the exclusive rights being asserted], or

• acquired legal ownership by transfer of the copyright in the exclusive right[s] Officite allegedly infringed.

**<u>Authority:</u>** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.12 (modified for this case).

GRANTED:        _____

DENIED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.13:**
**COPYRIGHT– OWNERSHIP – INDIVIDUAL AUTHORSHIP**

Pohl claims ownership of the website as an author of the work – the creator of the original expression in a work that is entitled to copyright protection.

**SPECIAL INTERROGATORY TO THE JURY**

Do you find that Pohl is the person who actually created the work?

Answer Yes or No _____

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.13 (modified for this case).

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.17:**
**COPYRIGHT– INFRINGEMENT – INTRODUCTION TO ELEMENTS**

If you're persuaded that Pohl owns a valid copyright, you can consider whether Officite improperly copied Pohl's copyrighted material. It is the burden of Pohl to show that Officite infringed on his valid copyright. This is called "infringement" of a copyright. Pohl must show that Officite infringed on his valid copyright.

In this case, Pohl claims that Officite infringed his copyright in his website by copying parts of it and including the copied material in dentist websites hosted by Officite. To succeed on this claim, Pohl must prove that Officite copied the parts of Pohl's copyrighted work that the law protects. Pohl must also respond to any proof advanced by Officite that the portion of the copyrighted work actually taken does not satisfy the constitutional requirement of originality.

There are two ways in which Pohl can prove a claim of copyright infringement. First, Pohl can show direct evidence that Officite actually copied the copyrighted material. For example, Pohl could introduce believable eyewitness testimony or an admission by Officite.

Such direct evidence is rare.

Or second, Pohl can show indirect or circumstantial evidence that Officite copied his work. For example, indirect evidence of infringement may be proof that Officite tried to get a copy of Pohl's work and then published a website that is substantially similar to Pohl's.  In general, the two elements of infringement are (1) access and (2) substantial similarity.

Pohl must also respond to any proof advanced by Officite that the portion of the copyrighted work actually taken does not satisfy the constitutional requirement of originality.

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.17 (modified for this case); *Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1233 (11th Cir. 2010).


GRANTED:              _____

DENIED:              _____

MODIFIED:              _____

WITHDRAWN:              _____

### OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.18:
### COPYRIGHT– INFRINGEMENT – ACCESS

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

Pohl can show that Officite had "access" to his work by showing that Officite had a reasonable opportunity to see the work. It isn't necessary to show that Officite actually saw Pohl's work before creating Officite's own work if the evidence reasonably establishes that Officite could have seen it and could have copied it.

But you can't base a finding that Officite had access to Pohl's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes Pohl can't show that Officite had access to his work before Officite created an alleged copy. In these cases, Pohl can still establish a rebuttable presumption of copying by showing that the material Officite allegedly copied is so strikingly similar to his copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if Pohl's work and Officite's work are so strikingly similar that a reasonable person would assume Officite copied from Pohl's work and that there is no possibility of independent creation, coincidence, or prior common source, then Pohl is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar." An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important quality. A "rebuttable presumption" means that you assume that copying occurred

unless Officite proves that it didn't happen.

If Pohl shows (1) that Officite had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to Officite to prove that [his/her/its] work is an independent creation – not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

## **SPECIAL INTERROGATORIES TO THE JURY**

Do you find from a preponderance of the evidence:

1.      That Officite copied Pohl's work?

Answer Yes or No _____

If you answered "Yes," don't answer Questions Nos. 2 through 4.

2.      That Officite had access to Pohl's work – that is, that Officite had a reasonable opportunity to [view/hear] it?

Answer Yes or No _____

And that the allegedly copied portion of Pohl's work is substantially similar to Officite's work?

Answer Yes or No _____

If you answered "No" to either portion of this question, proceed to Question No. 3. If you answered "Yes" to both portions, you may skip Question No. 3 and proceed to No. 4.

3. That the allegedly copied part of Pohl's work is so strikingly similar to Officite's work that the similarity is unlikely to have occurred unless there was copying?

Answer Yes or No _____

4. That Officite's work was independently created and was not copied from Pohl's work?

Answer Yes or No _____

If you answered "No" to Question No. 4, you must find for Pohl on Pohl's copyright-

infringement claim.

**<u>Authority:</u>** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.18 (modified for this case).

GRANTED:          _____

DENIED:            _____

MODIFIED:         _____

WITHDRAWN:      _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.19:**
**COPYRIGHT– INFRINGEMENT – SUBSTANTIAL SIMILARITY**

Having discussed access, I'll now discuss the issue of substantial similarity. Pohl must prove that Officite's accused work is substantially similar to his copyrightable expression in the copyrighted work. Officite's accused work is substantially similar in expression to Pohl's if an ordinary observer would conclude that Officite unlawfully took Pohl's protectable expression by taking material of substance and value.

Even if the degree of similarity between Pohl's copyrighted work and Officite's accused work is small in quantity, you can still find that there's substantial similarity if the copied portions of Pohl's copyrighted work are important in quality.

But if Officite's copying is minimal or trivial, you shouldn't find infringement.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1. That an ordinary observer, upon looking at both Officite's accused work and Pohl's copyrighted work, would conclude that there are similarities?

Answer Yes or No _____.

If you answered "Yes," continue to the next question.

2. That the similarities are more than trivial?

Answer Yes or No _____

If you answered "Yes," continue to the next question.

3. That, even if the similarities are small in quantity, they are substantial in quality?

Answer Yes or No _____

If you answered "Yes," continue to the next question.

4. That the similarities are sufficiently substantial to cause an ordinary observer to conclude that

Officite unlawfully took Pohl's protectable expression by taking material of substance and value?

Answer Yes or No _____

On Pohl's claim that the copyrighted work and the accused work of Officite are substantially similar we find for (check one):

Plaintiff: _____

Defendant: _____

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.19 (modified for this case).

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.28:**
**COPYRIGHT– DEFENSES – AFFIRMATIVE DEFENSE – COPYRIGHT ESTOPPEL**
**(ADVISORY JURY)**

Officite claims that Pohl is barred from asserting his copyright-infringement claim against Officite by the doctrine of estoppel. To establish estoppel, Officite must prove each of the following elements by a preponderance of the evidence:

First, you must find that Pohl knew the facts of Officite's infringing conduct.

Second, you must find that Pohl's statement or conduct (either action or inaction) caused Officite to believe that Pohl wouldn't pursue a claim for copyright infringement against [him/her/it].

Third, you must find that Pohl intended for Officite to act on his statement or conduct, or Officite had a right to believe Pohl so intended.

Fourth, you must find that Officite didn't reasonably believe that Pohl would pursue a claim for copyright infringement against him.

And fifth, you must find that Officite was injured as a result of his reliance on Pohl's statement or conduct.

If you find that Officite has proved these elements by a preponderance of the evidence, your verdict must be for [him/her/it] on the claim for copyright infringement.

**SPECIAL INTERROGATORIES TO THE JURY**

1. Did Pohl know the facts of Officite's infringing conduct?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

2. Did Pohl make a statement or act in a way that caused Officite to believe that Pohl

wouldn't pursue a claim of copyright infringement against him?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

3. Did Pohl intend for Officite to act on his statement or conduct, or did Officite have a right to believe that Pohl intended him to act on his statement or conduct?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

4. Did Officite reasonably believe that Pohl would not pursue a claim for copyright infringement against him?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

5. Did Officite rely on Pohl's conduct?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

6. Was Officite injured as a result of his reliance on Pohl's statement or conduct?

Answer Yes or No _____

7. If the answer to the above question is "Yes," do you find that the doctrine of estoppel bars Pohl from asserting his copyright infringement claim against Officite?

Answer Yes or No _____

**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.28 (modified for this case).

GRANTED:            _____

DENIED:             _____

MODIFIED:           _____

WITHDRAWN:          _____

**OFFICITE'S PROPOSED JURY INSTRUCTION:**
**COPYRIGHT– DEFENSES – AFFIRMATIVE DEFENSE – COPYRIGHT LACHES**

Officite claims that Pohl is barred from asserting his copyright-infringement claim against Officite by the equitable doctrine of laches. To establish laches, Officite must prove each of the following elements by a preponderance of the evidence:

First, you must find that Pohl delayed in asserting a right or a claim against Officite's infringing conduct.

Second, you must find that Pohl's delay was not excusable.

Third, you must find that that there was undue prejudice to Officite.

If you find that Officite has proved these elements by a preponderance of the evidence, your verdict must be for Officite on the claim for copyright infringement.

**SPECIAL INTERROGATORIES TO THE JURY**

1. Did Pohl delayed in asserting a right or a claim against Officite's infringing conduct?

Answer Yes or No _____

If the answer to the above question is "Yes," answer the next question; if not, you should stop here.

2. Was Pohl's delay excusable?

Answer Yes or No _____

If the answer to the above question is "No," answer the next question; if not, you should stop here.

3. Was there undue prejudice to Officite?

Answer Yes or No _____

4. If the answer to the above question is "Yes," do you find that the doctrine of laches bars Pohl from asserting his copyright infringement claim against Officite?

Answer Yes or No _____

**Authority:** *Venus Lines Agency, Inc. v. CVG Intern America, Inc*., 234 F.3d 1225, 1230 (11th Cir. 2000).

GRANTED:                _____

DENIED:                   _____

MODIFIED:              _____

WITHDRAWN:          _____

**OFFICITE'S PROPOSED JURY INSTRUCTION:**
**COPYRIGHT– DEFENSES – AFFIRMATIVE DEFENSE – UNCLEAN HANDS**

Officite claims that Pohl is barred from asserting his copyright-infringement claim against Officite by the doctrine of unclean hands. The defense of unclean hands will bar enforcement of a valid copyright when a plaintiff commits wrongdoing of serious proportions.

**SPECIAL INTERROGATORIES TO THE JURY**

1. Did Pohl commit wrongdoing of serious proportions?

Answer Yes or No _____

2. If the answer to the above question is "Yes," do you find that the defense of unclean hands bars Pohl from asserting his copyright infringement claim against Officite?

Answer Yes or No _____

**Authority:** *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522 (M.D. Fla. 2005).

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

## OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.30:
## COPYRIGHT– DAMAGES – GENERAL CHARGE

If you find that Pohl has failed to prove his copyright infringement claim or that Officite has proved its affirmative defense[s] by a preponderance of the evidence, you won't consider the question of damages. If you find that Pohl has proved by a preponderance of evidence that Officite has infringed Pohl's copyright, and Officite has not proved a defense, then you must determine whether Pohl has proved damages.  Pohl has elected to seek statutory damages.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find by a preponderance of the evidence that Officite infringed Pohl's copyright?

Answer Yes or No _____

If you answered "Yes," proceed to the next question. If you answered "No," sign the form and don't answer any additional questions.


**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.30 (modified for this case).

GRANTED:                 _____

DENIED:                  _____

MODIFIED:                _____

WITHDRAWN:               _____

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.30:**

**COPYRIGHT– DAMAGES – MITIGATION OF DAMAGES**

A defendant is not liable for any damages a plaintiff could have mitigated by reasonable effort.

**SPECIAL INTERROGATORIES TO THE JURY**

Do you find that Pohl could have mitigated his damages by reasonable efforts?

Answer Yes or No _____

If Yes, by how much could Pohl have mitigated his damages?  $ _____

**Authority:** *Voss v. City of Key West*, 24 F. Supp. 3d 1228, 1242 (S.D. Fla. 2014).

GRANTED:              _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

8298251-1

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.32:**
**COPYRIGHT– DAMAGES – STATUTORY DAMAGES**

Pohl seeks a statutory damage award. "Statutory damages" are damages that are established by Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright law violations. Statutory damages are calculated based on the number of copyrighted works, not the number of incidents of infringement.  In other words, in determining the statutory damages under the Copyright Act, the unit of damages is based not on the number of infringements, but on the number of works infringed upon. In this case, there is only one work infringed upon.  Therefore, the amount awarded must be between $750 and $30,000, unless one of the exceptions applies, as I'll explain later.

To determine the appropriate amount to award, you can consider the following factors:

• the profits Officite earned because of the infringement;

• the revenues that Pohl lost because of the infringement;

• the difficulty of proving Pohl's actual damages;

• the circumstances of the infringement;

• whether Officite intentionally infringed Pohl's copyright; and

• deterrence of future infringement.

If Pohl proves that Officite willfully infringed his copyright, you may – but are not required to – increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

Infringement is "willful" if Pohl proves that Officite knew that its actions constituted infringement of Pohl's copyright or that Officite recklessly disregarded the possibility that its actions infringed a copyright.

If you the Jury find infringement, you must award Pohl not less than $750 for each copyrighted work that Officite has infringed.

8298251-1

There is an exception to the $750 minimum statutory damages you must award if you find infringement by Officite was an "innocent infringement." If Officite proves that it innocently infringed Pohl's copyright, you may – but are not required to – reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is "innocent" if Officite proves that it didn't know, and had no reason to know, that its acts constituted infringement.

You can't find that Officite was an "innocent infringer" if a notice of copyright appeared in the correct form and position on the published copy/copies of Pohl's website to which Officite had access.

A notice is in correct form if it includes [the symbol © (the letter C in a circle)/the word "Copyright"/or, in the case of phonorecords, abbreviation "℗" (the letter p in a circle)], [the name of the copyright owner/an abbreviation by which the copyright owner's name can be recognized/a generally known designation of the copyright's owner], and the year of first publication of the work. A notice is in the correct position if it appears in a manner and location that gives reasonable notice of the claim of copyright.

## SPECIAL INTERROGATORIES TO THE JURY

You should answer the following questions for each work infringed:

1. Do you find by a preponderance of the evidence that Officite infringed on Pohl's website?

Answer Yes or No _____

If yes, proceed to question 2. If no, skip Questions No. 2 and No. 3, and proceed to the next alleged infringing work. [If no other alleged infringing works: If no, sign the verdict form.]

2. Do you find by a preponderance of the evidence that Officite's infringement was "innocent?"

Answer Yes or No _____

If your answer to this question is "No," then proceed to Question No. 3.

If your answer to this question is "Yes," then proceed to Question No. 2B.

2B. Given that you the jury have found Officite is an innocent infringer as to [name of infringed work], what amount of statutory damages do you award between $200 and $30,000?

$_____

After calculating statutory damages, skip Question No. 3 and proceed to the next alleged infringing work. [If no other alleged infringing works: After calculating statutory damages, sign the verdict form.]

3. Do you find by a preponderance of the evidence that Officite's infringement was willful?

Answer Yes or No _____

If your answer to this question is "No," then you must award statutory damages between $750 and $30,000 per work. If your answer to this question is "Yes," then you must award statutory damages between $750 and $150,000 per work.

3B. What is the amount of statutory damages you award for this work?

$ _____

After calculating statutory damages, proceed to the next alleged infringing work. [If no other alleged infringing works: After calculating statutory damages, sign the verdict form.]


**Authority:** Eleventh Circuit's Pattern Jury Instructions - Civil (2018), § 9.32 (modified for this case); 17 U.S.C. § 504(c)(1); *MCA Television, Ltd. v. Feltner*, 89 F.3d 766, 770 (11th Cir. 1996); *Macklin v. Mueck*, No. 00-10492-CIV, 2005 WL 1529259, at *3 (S.D. Fla. Jan. 28, 2005).


GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

8298251-1

**OFFICITE'S PROPOSED JURY INSTRUCTION NO. 9.32:**
**COPYRIGHT– DAMAGES – NO AWARD OF STATUTORY DAMAGES**

A plaintiff is not entitled to an award of statutory damages or attorneys' fees where the infringement commenced after first publication of the work and before the effective date of its registration, unless such registration was made within three months after the first publication of the work.

**Authority:** 17 U.S.C. § 412.

GRANTED:          _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

66

## OFFICITE'S PROPOSED JURY INSTRUCTION:
## COPYRIGHT– DAMAGES– DIGITAL MILLENNIUM COPYRIGHT ACT

Officite claims that Pohl is barred from asserting his copyright-infringement claim against Officite under the safe harbor of the Digital Millenium Copyright Act ("DMCA").  The DMCA provides a bar to damages or equitable relief to internet service providers if the claim against the service provider relates to infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider. The protection is available if the service provider:

(A) (1) does not have actual knowledge that the material or an activity using the material on the system or network is infringing;

(2) in the absence of such actual knowledge, is not aware of facts or circumstances from which infringing activity is apparent; or

(3) upon obtaining such knowledge or awareness, acts expeditiously to remove, or disable access to, the material;

(B) does not receive a financial benefit directly attributable to the infringing activity, in a case in which the service provider has the right and ability to control such activity; and

(C) upon notification of claimed infringement as described in paragraph (3), responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity.  17 U.S.C. § 512.

## SPECIAL INTERROGATORIES TO THE JURY

1. xxxxxxxxxxxxxxxxxxxxxx?

Answer Yes or No _____

2. If the answer to the above question is "Yes," do you find that the DMCA bars Pohl from recovering damages from Officite?

8298251-1

Answer Yes or No _____


**<u>Authority:</u>** 17 U.S.C. § 512.

GRANTED: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

Respectfully submitted,

NELLES KOSTENCKI, PLLC
*Counsel for Defendant MH SUB I, LLC d/b/a/ OFFICITE*
Corporate Center
110 East Broward Blvd, Suite 670
Fort Lauderdale, Florida 33301
Telephone: (954) 246 4800

By: */s/ Matthew S. Nelles*
    Matthew S. Nelles
    Florida Bar No. 009245
    mnelles@nklawflorida.com
    E. Adriana Kostencki
    Florida Bar No. 84507
    akostencki@nklawflorida.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  18th  day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Matthew S. Nelles*, Esq.
    Matthew S. Nelles, Esq.